Nash, C. J.
 

 No declaration has been filed, and in such case, it is the practice of the Court to consider such declaration filed, as meets the facts stated in the case. This rule is adopted to prevent surprise on a plaintiff from the loose manner in which the pleadings are conducted on the circuit. The declarations in this case we consider as having several counts, and one for the killing of the horse. The first objection raised by the defendant, was that as this is a case of circumstantial testimony, the jury must be satisfied, beyond a
 
 reasonable doubt, of
 
 the guilt of the intestate, and unless the facts proved precluded every other hypothesis except that of his guilt, they must find for the defendant. This is the rule in capital cases, and adopted in
 
 fa-
 
 
 *482
 

 vorem vitae,
 
 but does not extend to misdemeanors or civil suits. Tbe point was before tbe Court at June Term last, at Raleigb, and tbe principle declared substantially as stated in tbe case by tbe presiding Judge.
 
 *
 
 Upon no controverted fact, ought a jury to find it established, unless the party alleging it produces proof •to
 
 satisfy,
 
 their mind that it is so. Tbe object of all evidence is to Satisfy tbe minds upon tbe controverted facts, and when tbe tryers are so satisfied by competent and legal testimony, they ought so to declare, and not until so satisfied. His Honor stated tbe rule upon this subject correctly.
 

 Tbe second exception, as we consider tbe declaration, surely cannot arise. If the declaration contained but one count, and that for tbe trespass to tbe freehold, there might be a doubt whether under tbe allegation of
 
 alia enormia,
 
 damages could be given by tbe jury, for the killing of tbe Horse; but, as there is a separate count for that injury, and tbe proper action for repressing it is trespass,
 
 vi et armis,
 
 and as every count is considered in law as a separate declaration, there surely can be no doubt tbe evidence was properly received, nor can there be any serious doubt that the counts can be joined, 1st Ch. PI. 280. There is no error in 'the charge upon this point.
 

 The third exception was properly abandoned by the defendant in the argument here.
 

 The 4th exception cannot be sustained, and the jury, in an action of Trover or Trespass
 
 de bonis asportatii,
 
 may in their discretion, give interest on the value of the article converted or taken away or destroyed from the time of the conversion or injury as a part of the damages, Devereux v. Burguin, 11 Ire. 490, so as to make the trespasser do full justice, by charging him with the price as on a cash sale.
 

 Judgment affirmed.
 

 *
 

 Neal v. Fespeman, ante 446.