Battle, J.
 

 There is one error apparent upon the bill of exceptions, which entitles the defendant to a reversal of the judgment and the award of a
 
 venire de novo.
 
 Supposing that the plaintiff' ivas entitled to recover damages at all, for the seduction and detention of the slave from his possession, while lie held him, as the bailee of his father, it became-*» question, from what time such damages should commence. The verdict was general, and therefore, if, in any view in which the case ivas submitted to the jury, the Judge misdirected them upon the question of damages, the defendant has. a right to complain of it. The defendant claimed the slave by virtue of a bill of sale, bearing date in July, 1847, from the plaintiff’s father, who was admitted to be the owner until bis death in 1850. The genuineness of that instrument was disputed, and we refer to it at present for the date only. The Judge charged- the jury, that they might give damages for a period prior to that time, if they should find that the defendant had, before such time, “ seduced tl\e slave3 or enticed him from the
 
 *135
 
 plaintiff’s possession.” The defendant contends, and, as we think, contends successfully, that there was no evidence to be submitted to the jury upon that point.
 

 The only testimony which seems to justify the Judge’s charge, is, that the defendant was seen with the slave Bartee, in Charleston, in 1847, calling him by a different name. It is not stated at what time of the year this was," whether before or after the date of the deed in July. The burden of proof was upon the plaintiff, and if his testimony raised only a bare conjecture that it was before that time, and it is manifest that it could do no more, then there was, in effect, no evidence of the fact.
 
 Sutton
 
 v.
 
 Madre,
 
 2 Jones’ Rep. 320. Such being the case, it is clear that the defendant may have been, and probably was, prejudiced by the instructions. We cannot tell from the record, whether the jury gave damages for the alleged injury prior to July, 1847, or not; and, as the defendant may have been prejudiced by the erroneous charge, he is entitled to a new trial.
 

 Per Curiam,
 

 Judgment reversed._