Battle, J.
 

 There are very few questions in which there isa greater conflict of judicial decisions, than in that, whether the statement made on oath, by a person while under examination, as a witness, before a coroner’s inquest or an ex--amining magistrate, can afterwards be used as evidence against him upon an indictment for the same offense as that as to which he has been examined. In Roscoe’s Crim. Ev. p. 49 and 50, references to many of these conflicting cases may be found. Mr. Phillips, in the last edition of his valuable treatise on evidence, after referring to most of the cases, on the subject, endeavored to draw a distinction between the case where the prisoner was in custody, or was under suspicion, and where he was examined 'against another party under a distinct charge; see 1 Phil, on Ev. 404. Mr. Eoseoe, in remarking upon the distinction, says that in none of the recent cases had it been adverted to as the ground of decision. He then closes his observations on the subject, by the remark <c that the ground on which a deposition, upon oath, by a prisoner, has been generally considered to be inadmissible, without reference to the "circumstances under which it is made, is, that being upon oath, it cannot be looked upon as a voluntary statement, although it undoubtedly strengthens the objection to such a deposition that the party is in custody or under suspicion at the time. ”
 

 In the case of the
 
 State
 
 v.
 
 Broughton,
 
 7 Ired. 96, the pris
 
 *128
 
 oner had been examined as a witness before
 
 the
 
 grand-jury,who were investigating the case of alleged murder, and had. given evidence tending to fix the charge on another person. He was afterward's suspected and indicted for the crime, and his testimony, as given before the grand-jury, was offered as evidence against Mm. The- Court said-, that if the evidence,offered, had purported to be a confession-,, it could not have been admitted, because, being, under oath, it could not have-been deemed voluntary, but as a statement tending to crimi-nate another person, it was admissible against him, and the-falsity of it, taken in connection* with other circumstances, was relied on as evidence of his guilt. There,- the prisoner at the time when he was examined,- wás not under arrest,, in which-respect, the case differs from* the one- now before us. The case of
 
 Rex
 
 v.
 
 Lewis, 6
 
 Car. and Paine, 161, (25 Eng. C. L. Rep. 333,) approaches in its- circumstances to our ease.. There,, the prisoner, Coelia Lewis,, was indicted for an attempt to' poison-. It appeared- that on* the day on which- she was committed, she had been- summoned as a witness, along with others, to give evidence before a magistrate; At ñrst, she was-not suspected, but on the conclusion of her examination, she was committed- for trial on the same charge. In her examination she had referred to* a letter produced' by her, and o» her trial, it was proposed to* b@- proved-, on the part of the prosecution, what she had said about the letter. Gniusnffxy .Baron refused* to receive the- testimony, saying that it was in-ker-written examination.. If was then proposed to- give evidence of what the prisoner said, which was not taken down,.- and this was also- refused by the Judge. Here, it will be noticed, that the evidence, whieb was ruled- out, is-not stated to-have been- a confession of the prisoner’s guilt, and the ground upon which it was rejected, m<ust have been, that the prison • er’s statement was made while she was on examination on oath.The circumstances of the case now before us,-are still stronger to show that the prisoners were under restraint in giving their testimony.- They were suspected of having committed the-homicide,- were under arrest, and were subjected, as the bill;
 
 *129
 
 of exceptions- states, to a rigid examination. Although treated.as witnesses, they were, in truth,-prisoners under examination, and1 as such, nothing, which they stated, under oath,, ought to have been admitted in evidence against them-;• see Roscoe’s Crim. Ev. 61. The judgment must be reversed, and-a1
 
 venire de novo
 
 awarded.
 

 Res Curiam, Judgment reversed..