The petitioner before the passage of the conscription act, v(Vj;iieered\for the war in a company which Captain Shot'Cr was raising in Guilford, put in a substitute for the war, and was discharged; afterwards, notwithstanding his discharge he was enrolled as a conscript and taken to the army in Virginia, where he served sixteen months; that, fall he came home - on sick furioaglr, refused to return at the expiration of his time, was arrested, and sued out this writ. While in service, he liad received pay, clothing and rations, but bad not received bounty.
The enrolling officer insisted that the petitioner being absent from the army without leave, could not be heard to claim a discharge until his o&ence vbts disposed of by a court martial, and relied on Graham's case. In my opinion that case does not apply. Graham entered the army by enlistment before 1 e was twenty-one years of age, and •bo:rig under arrest ibr some collateral offence, sued out a writ seeking to avoid h:< contract of enlistment on the ground of infancy, ft was held that he could uo.t be heard, until the offence for which he was under arrest was disposed of by court martial. Graham went into service voluntarily, and was rightfully a soldier until the contract was avoided; Lis offence was a collateral act, having no connection with the validity of his enlistment. The petitioner was'taken to the army against his consent, the matter as ho alledges was void “ ab initio,” the supposed of-fence'grows out of and depends on the question, whether . he was rightfully a soldier or not, and.that is the .point put at issue by this proceeding. It would be strange if the court before, it can try the question/ is required to assume *451 in favor of the government, that the petitioner is rightfully a soldier, and on that ground to remand him to bo tried before a court martial for an act, the character of which depends on that very question! “No one shall take advantage of his own wrongs” is a maxim of law. Suppose the petitioner was not liable to conscription, the act of the government was wrongful, and his act in leaving the army in Order to assert his right before a .judicial tribunal of his country is justifiable; because made necessary by the first wrongful act of tlie government. To refuse to hear him would be to enable the government to take advantage of its own wrong, and amount to a denial of justice: See how it would work: a man leaves ..the army, comes home and appeals to a court to try the. question whether he is rightfully a soldier or not; the court' refuse to hear him, he is sent back to the army in Virginia, tried by a court martial as a deserter, and executed to deter others from like acts • that is the end of it: Or suppose lie is punished and allowed to live, ho is without remedy in the courts of his country, because beyond the reach of its process. Will it be said, this denial of justice is necessary for the good of the public service to prevent desertion ? God for bid, “fiat justiz" mat ecdum,” let justice be done without regard to consequences ! The case of Dickson is direct authority for the petitioner on this preliminary question (same term referred to in Guyer’s case,) Dickson was'under thirty-five years of age, a blacksmith taken as a conscript and serving in the army when the exemption act passed; served several months, received bounty, pay, clothes, and rations; came home on furlough, refused to retain and was arrested as a deserter, and sued out the writ on the ground that he. was not rightfully a soldier. On the preliminary question the two learned gentlemen who appeared for the government did' not rely on the case of Graham as applicable; and the court considered that he was not precluded from *452 being beard on tbe merits Dy the faot that; he was absent without leave; but went into the merits, and decided against hipa. I have a distinct recollection, although I do not remember the names of the cases, that in looking over “ Hurd on Habeas Corpus” in reference to this preliminary question, he cites several eases, in which an alteged deserter was heard on the merits, taking the distinction between thie cases where the enlistment is alleged to. be void as in this case 5 and where it is alleged to be voieable, as n tiie case of Graham. So both npon “the reason of the thing” and upon authority, I decide the preliminary question in favor of the petitioner.
On the merits, according to the decision of the Supreme Court in Eitters case, the petitioner was not liable to conscription, and I learn the enrolling officer refused to exempt him because he had special instructions not to regard the decisions of the Supreme Court, unless the party had been discharged on writ of Habeas Corpus. On the question of waver ; do the facts that he receives pay, clothing, rations and serves sixteen months make him liable to servg for the war ? He insists that the government would thereby take advantage of its own wrong, the enrolling officer insists that these facts amount in law to a waver of his original right growing out of the substitution and relies on Dickson’s case. In that case the point is not positively decided, there being another ground to wit, that as he was in service the exemption act does not embrace his ease. But I know the Judges were of opinion that when all of these facts exists to wit, receipt of bounty, pay, clothing, rations and service, there is a waver of a right to exemption and I have accordingly, on that ground, remanded the parties m three other cases.
But in “ the matter of Fleming,” who was arrested as a conscript and without an opportunity to sue out a writ, taken to Camp Holmes, sent to Bichmond, and then to *453 Staunton where be left tbe army without leave, came borne and was arrested as a deserter, I had Gen. Hoke notified, 'and It being objected that.as be was a deserter he could. not be keard until a court martial bad disposed.of him, I overruled tbe objection, for tbe reason above stated, and' on tjie authority of Dickson’s, case.,- On the merits, it appears he was over ’ thirty-five and the'keeper-of a public mill and bad been ref vsed exemption on tbe ground 'that be attended to a sawmill as well as- a grist*mill! I lfeld that position untenable. ' On the question of waver, it app eared be had been under, military restraint for .three-weeks, bad received rations and drilled a time or two. I held ,, the re were no evidence óf a waver — lje was obliged to eat; -and forced to drill, and- it was bad enough, that he had been put in jail, taken' off,' tied like a-felon, and restrained • of his liberty tor three weeks against.law. »Xn.the matter of —.-; (I forget the name), the petition ei was a blacksmith, had- been detailed)- was, afterwards taken as a conscript to Virginia, kept there three months, most of the time in the hospital, sent home on sick furlough and r8-fu38d to return- - I overrulee the preliminary objection; on tbe merits held he was exempted according to Gnyer’s case, arid as to waver, that the additional circumstance of receiving clothes, did not vary the casé from that of Ple~ ming, clothes were necessary and he was required to be in uniform.
in-’this case, there, are the additional facts of receiving pay and serving, sixteen months. A'* to pay iwb oensider-atiens bear on the matter, a soldier is in many oases obliged to draw pay for his' own comfort and the support of, his wife and children iñ. his absence. The pay is only ah equivalent for as vices rendered, and consequently cannot be. the foundation for an implication qf a'waver or consent serve for tbe war; as to the sixteen months service it would seem the government should fee content with having exact- *454 fed that hmch out of Mm, and ean on no.principle make it sfche ground for forcing Mm - to serve during the \yar. The «case difiera from that of Dickson in this ; no bounty was re-ncewsd, which is the most material and unequivoealevidenee ¡of a waver; it is a voluntary act ineonsistant and against .conscience, ezcopi on the' supposition that ‘ the party is to .«erve out th.e whole time as a conscript; and - for that-reason the court in DiekcGn’s case, considered this fact connected with and .propped by the other facts, evidenee of a waver or consent to serve for the.war. The acceptance of "bounty is so important a fact, that a case cannot be made out without it; it woyld be like an arch without'the key-,, stone, or acting the play of Hamlet with the character of Hamlet omitted, e •
It is therefore considered, that tibe petitioner £>e disCharged. * ''
December, 1863.