STATE v. T. A. LYON and another.

*Libel, evidence in—Official Character, proof of—Joint Trial, challenges to jury in— Witness.*

1. The matter set out in the indictment in this case is libellous, and in order to the justification of the defendant, he must show that the entire charge imputed to the prosecutor is true.

2. Proof of the general bad character of an officer in other matters of which he had taken cognizance, will not be received to establish the truth of a libellous charge in reference to a particular matter.

3. The official character of one may be proved by parol in an issue between other parties. It is necessary to show the record of his appointment

only in proceedings where the officer undertakes to justify his own conduct.

4. Upon a joint trial, where each defendant had the opportunity afforded by the tender of the jurors to make his own challenges; *Held*, that the judge properly refused to allow the jurors forming the panel to be withdrawn, and again tendered to one of the defendants to enable him to use his remaining challenges.

5. A witness may be allowed to refresh his memory by reading a paper-writing or having the same read over to him.

(*Burke* v. *Elliott*, 4 Ired., 355; *Swindell* v. *Reeves*, 7 Jones, 575; *Norfleet* v. *Staton*, 73 N. C., 546, cited and approved).

INDICTMENT for libel tried at Fall Term, 1883, of GUILFORD Superior Court, before *MacRae, J.*

The alleged libellous matter is set out in the bill of indictment according to its tenor, the substance of which is as follows: A man named Dean attempted to commit rape upon a little girl; a warrant was issued for his arrest, and he was carried before Joseph A. Davis (a justice of the peace and the prosecutor); 'Squire Davis, after his style of dispensing justice, converts the case into an assault and battery and discharges the offender of all decency and law, upon payment of costs, which was thirty dollars. We presume that Mr. Davis had an eye to the costs; that if this grave offender was bound over or committed to jail, he (Davis) would lose a handsome fee, and accordingly rendered his decision to suit his own convenience.

The exceptions taken upon the trial, and the rulings of the judge thereon, are set out in the opinion. Verdict of guilty; judgment; appeal by defendants.

*Attorney-General,* for the State.
*Messrs. Fuller & Snow* and *J. N. Staples,* for defendants.

SMITH, C. J. The defendants, of whom one is editor and the other publisher of a weekly newspaper called "*The Kernersville News,*" are charged with publishing therein the defamatory matter set out in the indictment, in which malversation and cor-

36½

ruption in the administration of his office as a justice of the peace are imputed to one Joseph A. Davis, while acting as such. The matter contained in the article is clearly libellous, and tends to expose the officer thus charged to public hatred and contempt.

1. At the trial four jurors were peremptorily challenged, without saying on behalf of which defendant, when some controversy arising out of this uncertainty, the court acceded to the suggestion of their counsel that the challenges should be charged to the defendant Lyon, on whose behalf they were intended to be made, and allowed the other defendant the same number. After one other peremptory challenge, a full jury was obtained, and thereupon counsel for defendant Edwards asked that the jurors on the panel be again recalled and tendered, in order to his having an opportunity to exercise his unexhausted right of peremptory challenge. The jurors had been before separately challenged for cause, and each one examined by defendants' counsel. The court refused to allow the jurors forming the panel to be withdrawn and again tendered, and to this refusal the defendants excepted.

It certainly cannot be necessary to cite authority to show that the defendant had no right, after foregoing the opportunity afforded by the tender of each juror to make his peremptory, as well as a challenge for cause, to require the breaking up the panel to enable him to use his remaining challenges. It was a matter resting in the sound discretion of the judge, and which he properly refused to exercise in the absence of any evidence or suggestion even, that the jurors were not all of them competent and impartial.

2. A witness for the state was asked whether he did not, in June, 1882, see the libellous article in the *News*, which was at the same time read over to him. This was objected to by counsel for defendants, as also the response intended to be elicited. The objection was overruled. The issue containing the article was examined by the witness, and he, using it to refresh his memory, allowed to answer the question. Upon his cross-examination,

the witness said he had no recollection of the article apart from the paper, but he did remember that it appeared early in the month of June.

The question is not, in our opinion, leading; no more so when the article is read over to the witness, than if he had taken the paper and read it himself. Indeed, this is the ordinary practice in calling the attention of the witness to a contemporary memorandum to revive his memory of the transaction or matter. Nor was the testimony rendered incompetent by what was said upon the cross-examination. It is not necessary that the mind should be able to recall the distinct facts, when the witness has such assurance of them as enables him to testify.

Among the classes into which Mr. GREENLEAF distributes this species of evidence, is one in which the witness fails to recognize the writing, nor does it awaken his memory; yet, knowing the writing to be genuine, his mind is so convinced as to be enabled thereby to swear positively to the fact. 1 Greenl. Ev., §437.

3. The clerk of the court was permitted, after objection, to testify that Davis was an acting and recognized justice of the peace of Guilford county, the defendant insisting that the only competent proof of his official character was the record of his appointment.

It is well settled that such evidence is admissible in an issue between other parties, and the appointment itself is only required to be shown in a proceeding where the officer undertakes to justify his own conduct, and from his authority to do the act drawn in question. In reference to third persons, the official capacity of the office is *prima facie* shown, by his recognized acts as such. This rests upon abundant authority. *Buryman* v. *Wise*, 4 Term R., 366; *Burke* v. *Elliott*, 4 Ired., 355; *Swindell* v. *Reeves*, 7 Jones, 575; *Norfleet* v. *Staton*, 73 N. C., 546; 1 Whar. C. L., §653; 2 *Ib.*, §§2533, 2554.

4. Davis was himself examined for the state, and upon cross-examination, testified to other of his official acts unconnected with those mentioned in the libel.

The defendants then proposed to inquire, from a witness of their own, into other alleged official misconduct of the justice, and also into his general character as an officer, distinct from his personal moral character, all of which was excluded by the court.

There is no error in rejecting the offered evidence. The sole inquiry before the jury was as to the malicious charge contained in the libel, and its truth. It was quite immaterial whether the justice had been guilty of a corrupt use of his official authority in other transactions, or what his general reputation was in this regard. As a witness, it was competent to impeach his veracity, and this right was not denied when the question was put to a witness; but unless the *charge made in the libellous article was shown to be true,* and thus justify the publication, other misconduct would be no defence to the indictment, and proofs thereof were wholly irrelevant.

This, unlike a civil action, does not admit evidence in mitigation, except where after verdict judgment is to be pronounced. The only issue before the jury was as to the malicious character of the publication and the justification offered, and their verdict only settles those questions. Then, too, the entire charge must be justified, and not parts of it, to warrant an acquittal.

There is no error. Let this be certied that the court may proceed to judgment.

No error. Affirmed.