JOSEPH A. DAVIS v. T. A. LYON and others.

*Libel—Evidence—Judge's Charge.*

Upon trial of an action for libel, it appeared that the libelous matter was contained in a newspaper and was, in substance, that the plaintiff, a justice of the peace, issued a warrant for the arrest of one D., charging him with an assault with intent to commit rape, and "after his style of dispensing justice converts the case into an assault and battery, and discharges the offender upon payment of costs, which was $30," and that the plaintiff's purpose was to secure his fees; otherwise the offender would have been bound over to court; and the defendant pleads justification; *Held,*

(1) Evidence that plaintiff retained moneys in other cases disposed of by him (which belonged to the school fund) in the exercise of his judicial functions, is admissible to show his habitual abuse of authority for private gain, upon plea of justification of charge imputed to plaintiff.

(2) The charge of the court that plaintiff had no jurisdiction to try such case, other than to bind over after a preliminary examination into the facts, was not erroneous.

(*State* v. *Lyon*, 89 N. C., 568; *Sharpe* v. *Stephenson*, 12 Ired., 348; *Walters* v. *Smoot*, 11 Ired., 315, cited and approved.)

CIVIL ACTION for libel, tried at July Special Term, 1884, of GUILFORD Superior Court, before *Graves, J.*

Judgment for defendants, from which plaintiff appealed.

*Mr. J. T. Morehead,* for plaintiff.
*Messrs. Scott & Caldwell* and *J. N. Staples,* for defendants.

SMITH, C. J.   The libellous matter for which the action is brought, is contained in a newspaper known as the *Kernersville News,* whereof one defendant is owner and the other publisher, and is in these words:

"A white man by the name of Alex. Dean attempted rape upon a little girl of Mr. David Stocks, near Colfax, some time last week.   A warrant was issued for Dean, and he was carried before J. A. Davis, Esq., justice of the peace. Squire Davis, after his style of dispensing justice, converts the case into an assault and battery, and discharges the offender of all decency and law upon payment of costs, which was $30.   We presume that Mr. Davis had an eye to the fact that if this grave offender was bound over, or committed to jail, he would lose a handsome fee, and accordingly rendered his decision to suit his own convenience."

The complaint alleges that the defendants in the use and publishing of this language meant to charge that the plaintiff corruptly converted the case, judicially before him, from an assault with intent to commit rape into a charge for simple assault and battery, and that such action was usual with the plaintiff, and according to his style of dispensing justice, and that they further charge that this ac-

tion of the plaintiff was prompted by the mercenary motive of putting in his own pocket the fees arising from his assumption of jurisdiction of the cause.

The defendants justify the charge in their answer, and at the trial waived all other defences to the action. The only issue consequently submitted to the jury was to the truth of the alleged libel and the damages resulting from the publication, on which the verdict being for the defendant, the inquiry of damages was not made.

The exceptions to the evidence introduced on the question of damages became immaterial upon the finding that the imputations conveyed in the publication are true, and only such require to be noticed as bear upon the issue of justification. The other exceptions are to,

1. The admission of evidence of the plaintiff's retention of fines in the cases disposed of by him in the exercise of his judicial functions, beyond the period of sixty days, within which he is by law required to pay over such moneys to the county treasurer in support of common schools; and

2. To the charge of the court that the plaintiff as a justice of the peace had no jurisdiction of the crime charged in the warrant, other than to inquire into the sufficiency of the proofs to require the commitment or binding over the accused for trial in the court having cognizance, and for want of such to discharge him.

I. The complaint alleges that the libellous publication meant, not only to impute to the plaintiff corruption and official malfeasance on the trial of the particular cause mentioned, in his action on that occasion, but that it was habitual for him thus to act in administering his judicial duties, the imputation being in the words of the complaint ." that such action was usual with the plaintiff, and *according to his style of dispensing justice.*"

The vindication of the defendants thus required proof not only of the truth of the specific charge in relation to the plaintiff's conduct and criminality on the particular occasion mentioned, but also that on other trials had before him his avarice and greed prevailed over his sense of official duty; and of this evidence was offered of his keeping and failing to pay over funds in his hands belonging to that to be used in the support of public schools. The evidence then to which the objection is directed was pertinent to so much of the charge as imputed to the plaintiff the habitual abuse of his authority for private gain.

This ruling does not conflict with that made in *State* v. *Lyon*, 89 N. C., 568, where the same publication was made the subject of a public prosecution, as, in this case, evidence was offered and refused of other official misconduct in no respect tending to develop the operation of mercenary motives in the discharge of public duty, but to show other official misconduct in other exercises of his judicial functions, unconnected with the libelous charges. This was of course inadmissible.

The evidence, which is the subject of exception now, is confined to the plaintiff's securing and keeping in his hands sums of money, paid by offenders brought before him, which ought within the restricted statutory period have gone into the school fund, and is offered in support of the plaintiff's habitual practices as charged in the publication. The justification to be a protection must be full and comprehensive, commensurate with the extent of the accusation.

"The justification," says an eminent author, "must always be as broad as the charge; and of the very charge attempted to be justified." Townsend on Slander, §212 and 355.

"The principle is," in the language PEARSON J., in *Sharpe* v. *Stephenson*, 12 Ired., 348, "the defendant in a plea of jus-

tification must aver and must prove the identical offense."
The same proposition had been announced by the same
judge in *Watters* v. *Smoot,* 11 Ired., 315.

II. The remaining exception is to the charge to the jury
that the plaintiff had no right to try the accused (Dean),
and, acquitting him of the alleged intent, to proceed to try
and punish for the assault alone.

We concur in the statement of the law. The assault with
the *imputed intent* is of a higher offence, and is committed
exclusively to the superior or inferior court. The justice's
inquiry into such a charge is only to commit or bind over
to a tribunal of higher jurisdiction, or discharge if no
sufficient evidence is brought against him, where one is ar-
rested upon a warrant containing such a charge.

It is an unwarranted assumption of jurisdiction to ex-
amine into the grade of the crime according to his deter-
mination of the proofs and the character they give it, and
then try the offender for the subordinate offence. But the
court submitted to the jury a rehearsal of the testimony
heard by the plaintiff so as to aid them in arriving at a
conclusion as to the corrupt action imputed in the publica-
tion, and added that, "to support the defence that the
words were true the defendants must satisfy them" that the
plaintiff had a practice of acting corruptly in his office for
the sake of gain. There is no error, and the judgment
must be affirmed.

No error.                                        Affirmed.