STATE ex. rel. J. A. DAVENPORT, Treasurer, &c. v. G. W. McKEE, et als.

*Evidence—Sheriff—Witness—Refreshing Memory.*

1. The admissions and declarations of a sheriff made when settling his tax account with the County Commissioners, are admissible in evidence in an action on his bond for the non-payment of the taxes collected by him.

2. Such admissions may be proved by any person who heard them, and can state the substance of what was said.

3. It is perfectly well settled that while a witness can only testify to such matters as are within his own knowledge and recollection, still he may refresh his

memory by reference to memoranda, and when the memoranda are in Court he may be forced to do so.

4. A witness can refresh his memory by reference to his memoranda outside of Court as well as when on the stand. So where a witness said that he could not testify to certain conversations without refreshing his memory by *data* made by him at the time of the conversations, which the trial Judge refused to let him do, and after retiring from the stand, he was recalled and stated that he could then testify to them, which was ruled out, *It was held* to be error. Any question as to the accuracy of his recollection would go to his credibility, but not to his competency.

5. A litigant should be allowed to prove his case in his own way, and by his own evidence. So, where the trial Judge refused to allow a witness to refresh his memory by certain memoranda, and then testify to certain conversations which the plaintiff wished to bring out, but told the plaintiff that he might introduce the memoranda themselves, which the plaintiff refused to do, and afterwards the defendant, when on the stand, testified that the conversations were substantially as it was proposed to prove them by the rejected witness, *It was held* to be error.

(*State* v. *Cheek*, 13 Ired., 114; *State* v. *Lyon*, 89 N. C., 568; *Cowles* v. *Hayes*, 71 N. C., 230; *State* v. *Pierce*, 91 N. C., 606, cited and approved).

CIVIL ACTION, tried before *Shipp, Judge,* and a jury, at August Term, 1885, of the Superior Court of CLEVELAND county.

This action is brought by the relator of the plaintiff, as treasurer of the county of Gaston, against the defendant sheriff and the sureties to his official bond, for alleged breaches thereof, in failing to pay to the relator $2,216.14, money collected as taxes, and ascertained to be due to that county, and $2,500.00 penalty incurred in failing to pay the same according to law.

The defendant sheriff pleaded among other things, that he had paid the relator on account of the money so due, the sum of $1,700.00.

The following is so much of the case settled upon appeal, as is necessary to a proper understanding of the opinion of the Court:

"The only issue submitted to the jury was: "Did the defendant G. W. McKee, as sheriff of Gaston county, pay to the plaintiff J. A. Davenport, treasurer of said county, seventeen hundred dollars, as set forth in the answer, and is he entitled to credit therefor?"

His Honor held, that in the trial of this issue, the burden of proof was upon the defendant, and he was entitled to open and conclude. The defendant then offered in evidence a paper writing, purporting to be a receipt for $1,700 on the county fund tax, dated the 4th of December, 1882, signed by the relator as county Treasurer, and witnessed by one R. W. Query.

He then introduced said Query, who after testifying to the signature of the relator, &c., further testified that according to his recollection, the $1,700 was made up by the consolidation of other smaller receipts theretofore given by the relator, for taxes paid, amounting to about $1,300, and two county orders of about $100, and $300 in cash then paid.

The defendant then offered testimony tending to show the genuineness of the receipt, and without offering himself as a witness, stopped his case.

The relator of the plaintiff then offered himself as a witness in his own behalf, and denied that he had signed the $1,700 receipt on the 4th of December, 1882, or at any other time, or that there was such a thing as a consolidation of receipts on the 4th of December, 1882, or that he had received any part of $1,700, as claimed to have been paid up to that time, except $500 paid on the 6th of November, 1882, and produced a receipt for said $500, and swore that it was surrendered to him on the 6th of January, 1883, and that $200 in money was paid to him at the same time, and for said receipt so surrendered, and the $200 in money paid, he gave the defendant the $700 receipt exhibited in evidence, and for which he swore he gave the defendant credit in the settlement.

He also showed upon the face of the $500 receipt, an endorsement in these words: " This receipt surrendered the 6th of January, 1883," and another for $700, including this, given in the place of this, and swore that this endorsement was made in the presence of the defendant, McKee.

The plaintiff next offered as a witness, John F. Leeper, the Register of Deeds and Clerk of the Board of Commissioners of

Gaston county, and proposed to prove by him, that the defendant George W. McKee, in an investigation of the matter of taxes involved in this suit, before the county commissioners theretofore, had offered himself as a witness, and testified that all the receipts against the county fund, including the said $500 receipt of November 6th, 1882, were surrendered to the plaintiff on the 4th of December, 1882, went into and formed a part of the $1,700 receipt, and that the $500 receipt of November 6th was not surrendered by him on the 6th of January, 1883.

Before calling for this testimony, the witness was asked the preliminary question as to whether he could state the substance of all the testimony of the defendant G. W. McKee, sworn to on that occasion.   The witness answered that he could not, without refreshing his memory by reference to certain notes that he, the witness, had taken in writing upon said investigation before the commissioners, which notes he then had with him, and that these notes contained the substance of all the testimony of the defendant McKee on the investigation.   That he, the witness, wrote the testimony down, while acting as clerk of the board of commissioners, at the time it was given, and in the presence of said defendant, but that the notes had not been read over to the defendant McKee, or signed by him.

The plaintiff then asked his Honor to allow the witness to refresh his memory by referring to his notes, and then to be allowed to testify as to the evidence of the defendant McKee, as above stated.   This was objected to by the defendant, and the objection was sustained by the Court, the Court stating to the plaintiff, that he might read in evidence the whole of the testimony of McKee, or any part thereof, as taken down by the witness in the investigation before the board of commissioners.

This the plaintiff declined to do, and excepted to the ruling of the Court in sustaining the defendants' exception.

Afterwards, during the examination of this witness, the plaintiff proposed to read the notes in evidence, stating at the time that he thought it was incompetent, but thought he was entitled

either to have the witness refresh his memory by reference to his notes, or to the notes themselves.

The reading of the notes was then objected to by the defendant, and the objection was sustained by the Court, his Honor stating that as the plaintiff himself thought it was incompetent, he ruled it out. The plaintiff excepted.

In the further progress of this trial, on the next or some subsequent day, the witness Leeper was introduced again by the plaintiff, and asked by him if he could recollect and state the substance of all that was sworn by the defendant McKee, in said investigation before the commissioners, as to the composition of the $1,700 receipt.

The witness answered that he could recollect and state the substance of all that was sworn by said McKee, as to the composition of the $1,700 receipt. This was objected to by the defendant. The objection was sustained and the plaintiff excepted.

The defendants, in reply, introduced G. W. McKee as a witness in his own behalf, and upon his cross-examination by the plaintiff, he was interrogated as to what was his testimony before the board of commissioners, in respect to the $500 receipt, the $700 receipt, and as to the composition of the $1,700 receipt in controversy.

In reply, the witness McKee stated that he did testify in said investigation, and that his statement there made, as to the several matters proposed to be proved as his evidence before the said board by the witness Leeper, were substantially the same as proposed to be proved by the said Leeper. The witness McKee was a day and a half upon the stand, and his testimony before the board of commissioners, as proposed to be proved by Leeper, was called out by interrogations severally put to him, as to each fact proposed to be proved by the said Leeper."

The jury rendered a verdict in favor of the defendant. Plaintiff moved for a new trial on the ground of error in the rulings of the Court, and the motion was denied. The Court

then gave judgment in favor of the plaintiff, allowing the defendant credit for the sum of money so found to have been paid, and the plaintiff appealed to this Court.

*Messrs. Jos. B. Batchelor* and *Jno. Devereux, Jr.,* (*Mr. Geo. F. Bason* was with them on the brief) for the plaintiff.
*Messrs. W. P. Bynum* and *R. W. Sandifer,* for the defendants.

MERRIMON, J. (after stating the facts). Obviously, the admissions and declarations made by the defendant sheriff on his examination before the county commissioners, as to the receipt in question, were competent evidence in that respect against him and his co-defendants, especially, if, as suggested, these tended to sustain the evidence of the relator himself, and to contradict, impair, or destroy the force of that of the defendants.

Such admissions and declarations might be proven by any person who heard them, and could state what they were, or the substance of them. If the witness produced by the relator for that purpose, could not at first state what they were, and stated that he had written *memoranda,* from which he could refresh his memory, and then give the substance of them from his own recollection, the relator was entitled to have the witness thus qualify himself to testify, and have the benefit of his testimony. It is a well settled rule of law, that although a witness can testify only to such facts as are within his own knowledge and recollection, still he may refresh and help his memory by reference to a paper writing, memorandum or entry in a book, and, indeed, he may be compelled to do so, when the writing is present in Court. The purpose of such reference to the writing, whatever its nature, is not to supply facts, but to refresh, quicken and awake the memory of the witness, and thus enable him to testify of facts within his own knowledge and recollection. Human experience shows that it not infrequently happens, that a mere hint revives the distinct remembrance of facts and events, which, but for it, seemed to have been forgotten. *State* v. *Cheek,* 13 Ired., 114;

*State* v. *Lyon,* 89 N. C., 568; *Cowles* v. *Hayes,* 71 N. C., 230; Greenleaf on Ev., §436, *et seq.*

The witness Leeper was asked if he could state the substance of all that the defendant had sworn on the former occasion mentioned. He, in effect, replied that he could not, without refreshing his memory by reference to certain written memoranda, made by himself, that he then had present, plainly implying that he could, if permitted to refer to it. The Court refused to allow the witness to thus refresh his memory. Why it did so, does not appear, and we are unable to see any reason for such ruling. Plainly, the relator was entitled to have the evidence of the witness, and to have him qualify himself to testify, if he could do so, by reference to the writing then present, as he said he could do.

And when afterwards in the further progress of the trial, the same witness was again introduced, and he then stated that he could recollect and testify as to all that was sworn by the defendant McKee on the former occasion as to the receipt referred to, he ought to have been allowed to testify, because he said that he could do so, and if he could, the relator was entitled to have the benefit of his testimony. The plain inference was, that he had reflected about the matter, and had recollection of the facts, or had refreshed his memory by reference to the memoranda mentioned by him in his first examination. He had the right to do so, and it was not necessary that he should refer to the *memoranda* in the presence of the Court, or produce the same in Court, certainly not, unless the Court so required. When the witness stated that he had knowledge of the facts, that was sufficient,—he was then prepared to testify, and any question as to the accuracy of his knowledge and recollection, would not go to his competency, but to his credibility.

The Court told the relator that he might read in evidence the whole or any part of the testimony of the defendant McKee, as taken down by the witness Leeper, before the county commissioners, but the relator at first declined to do so, it seems, doubt-

ing its competency. It may be, that under the circumstances and for the purpose contemplated, it was competent to receive it in evidence. *Ashe* v. *DeRosset*, 5 Jones, 299. *State* v. *Pierce*, 91 N. C., 606. But the relator had the right to have the benefit of the pertinent testimony of such competent witnesses as he produced on the trial. It was for the relator to determine what character of competent evidence he would introduce to prove his case—it was the office of the Court to determine its competency and application. The relator might wish to multiply and diver-sify the evidence produced by him, and he certainly had the right to do so, to a reasonable extent.

The fact that the defendants in reply, introduced the defendant McKee, and he stated that he had been examined on a former occasion before the county commissioners in respect to the receipt in question, and his statements then made were substantially the same as those proposed to be proven by the witness Leeper, did not have the effect to cure the error of the Court in refusing to admit the competent evidence offered by the relator and rejected. He had the right, in the order of the trial, to have the benefit of the competent testimony of his own witness, and to have his version of the facts. It may be, that he would have stated them differently in their detail and application. He might have added or omit-ted something that would have changed or modified the sub-stance of McKee's testimony. The jury might have believed him more readily than McKee, and given more weight to his version of the facts. A party ought to be allowed to prove his case in his own way and by his own evidence, if he offers to do so as allowed by law and according to the course and practice of the Court. It is scarcely just, when competent evidence, offered by one party, has been erroneously rejected, to allow the oppos-ing party, in his own way, in a different stage of the trial, to supply the evidence so rejected, by the testimony of the opposing party himself.

The witness Leeper ought to have been allowed to refresh his memory by reference to the written memoranda mentioned by

him, and to testify, and he ought to have been allowed to testify when he was introduced the second time, and stated that he then had recollection of the facts and could state them.

There is error, and the plaintiff is entitled to a new trial. To that end let this opinion be certified to the Superior Court according to law. *It is so ordered.*

Error.                                                    Reversed.

### DEFENDANTS' APPEAL.

### *Appeal.*

Where both parties appeal to this Court, and there is a new trial granted on one of the appeals, it renders the consideration of the other useless, and it will be dismissed.

This was the defendants' appeal in the preceding case. It was argued by the same counsel.

MERRIMON, J. In the case above named, both the plaintiff and defendants appeal. As we have decided that the plaintiff is entitled to a new trial, the result is to give the defendants the like benefit. So that we need not decide the questions presented by their appeal. It turns out that it was unnecessary, and it must be dismissed as having been improvidently taken. It is so ordered.

Dismissed.