### STATE v. WALLACE BRADLEY.

(Filed 14 December, 1912.)

1. Appeal and Error—Objections and Exceptions—Evidence—Record—Harmless Error.

When the evidence proposed to be elicited from a witness does not appear in the case, an objection thereto will not be considered, as it must be shown to have been prejudicial.

2. Homicide—Motive—Evidence—Res Gestæ.

On a trial for murder, a conversation by a witness with the prisoner, in which the latter said, with reference to the deceased, that "the tale about his poisoning dogs all over the county was the cause of all the trouble," was competent as evidence of a motive for the homicide; and the circumstances under which the witness and prisoner met and what was done at the time of the conversation, being *pars rei gestæ*, are competent as throwing light on what was said.

3. Appeal and Error—Character Witnesses—Questions and Answers—Harmless Error.

An answer favorable to the prisoner, on trial for murder, to an objectionable question asked a witness, as to, whether he thought a man who would do certain specified things is a man of good character, is harmless error. .

4. Murder — Instructions — Mutual Combat — Evidence — Record— Harmless Error.

On a trial for murder, where there was no evidence in the case that the prisoner and deceased were engaged in mutual combat on equal terms, but it appeared that the prisoner was

all of the time the aggressor, and the defendant was convicted of murder in the second degree: *Held*, it is not reversible error for the judge to have charged the jury upon the phase of mutual combat; as, under the circumstances of this case, an instruction would have been proper that there was no evidence of manslaughter, the killing with a deadly weapon having been shown and not denied, and the burden of proving facts in mitigation and excuse being on the defendant.

APPEAL by defendant from *Long, J.,* at July Term, 1912, of SWAIN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*Bryson & Black and J. W. Ferguson for defendant.*

WALKER, J.  The prisoner was indicted in the court below for the murder of Anderson Blankinship, and tried for murder in the second degree, the solicitor not insisting on a verdict for murder in the first degree.  He was convicted of murder in the second degree, and, having excepted to several rulings of the court, appealed from the judgment rendered upon the verdict.

His first exception is to the refusal of the court to require a witness, M. T. Battle, the justice of the peace who conducted the preliminary examination, to refresh his memory from the written testimony of Roxie Williamson, taken by him at the trial, when he was asked if Roxie Williamson testified that the wagon had moved after the shots were fired.  He answered that, as he recollected, she said it was moved once.  It has been held that a witness may be compelled to refresh his memory by a written memorandum, in court and accessible to him (*Davenport v. McKee,* 94 N. C., 325), and it is said in *S. v. Staton,* 114 N. C., 813, citing 1 Greenleaf on Evidence, sec. 437, that the party examining him may demand that he do so.  40 Cyc., 2449 *et seq.*  It will appear from the last book cited that the authorities are not uniform upon this question, some holding that it is a matter within the sound discretion of the court.  But in this case, the testimony of Roxie Williamson is not in

the record, nor is her testimony, which was taken by the magistrate, and reduced to writing, and we cannot, therefore, see that the ruling of the court was prejudicial, if incorrect.

The conversation of the prisoner with D. M. Cole, shortly after the homicide was committed, in which he stated that "the tale about his poisoning dogs all over the county was the cause of all the trouble," was competent as evidence of a motive for the killing. The circumstances under which they met in the road and what was done at the time of the conversation were but parts of the transaction, *pars rei gestæ,* and competent as throwing light upon what was said. 21 Cyc., 899, 916, and 939; *S. v. Mace,* 118 N. C., 1244; *S. v. Adams,* 138 N. C., 688. The question put to the defendant's witness, J. R. Floyd, by the solicitor, as to whether he thought a man is of good character and law-abiding who carries a pistol and drinks whiskey, or goes to a baseball game and drinks whiskey, if objectionable, was harmless, as the witness's answer to it was entirely favorable to the prisoner; and the Court will not reverse a judgment because of the admission of evidence which is not prejudicial and could not have affected the verdict. *Glover v. Flowers,* 101 N. C., 134, and cases cited.

The principal exception in the case is to the following charge of the court: "If you find that the prisoner and the deceased were engaged in a mutual combat, and were fighting on equal terms, and you find that the prisoner shot the deceased, and that the deceased quit the combat and fled, and you find that while the deceased was in flight and disabled from any further combat, that the prisoner shot him under these circumstances in the back or from the rear, causing the death of the deceased, the prisoner would be guilty of murder in the second degree."

There is no evidence to be found in this record tending to show that the prisoner and deceased were engaged in a mutual combat on equal terms. On the contrary, the evidence shows that the prisoner was all the time the aggressor, that he shot deceased without any provocation, and after shooting and disabling him, and when deceased fled, that he pursued him and shot two or three times, and that soon thereafter the wounds thus inflicted on deceased caused his death. The evidence dis-

closes the fact that the prisoner, instead of killing in the heat of passion or· upon a legal provocation, took advantage of deceased, who was unarmed and doing or saying nothing to provoke him, and fired upon him several times, inflicting five wounds, some of them mortal. In the most favorable view of the evidence that can be taken for the prisoner, it has the appearance of being a coolly planned, willful, premeditated, and deliberate murder, and there was no error in the instruction. *S. v. Hinson,* 150 N. C., 827. His Honor might well have charged the jury that there was no evidence of manslaughter, the killing with a deadly weapon having been shown and not denied, and the burden of proving facts in mitigation and excuse being upon the defendant. *S. v. Quick,* 150 N. C., 820. The cases of *S. v. Hildreth,* 31 N. C., 429; *S. v. Ellick,* 60 N. C., 451, and *S. v. Tackett,* 8 N. C., 220, relied on by the prisoner's counsel, are not in point. The conviction was of murder in the second degree, and after a careful examination of the case, as presented to us in the record, we find no error.

No error.