### STATE v. ARCHIE ALLEN.

(Filed 13 November, 1929.)

**1. Criminal Law G n—Sufficiency of circumstantial evidence to be submitted to the jury.**

If in a criminal action there is any evidence tending to prove the fact in issue and which raises more than a suspicion or conjecture in regard to it, the same should be submitted to the jury, otherwise not.

**2. Homicide G a—Proof of motive not essential to State's case.**

Where the evidence of the State is sufficient to be submitted to the jury on the question of defendant's guilt of murder in the second degree, motive for the killing is not an essential element of the State's case without which a conviction may not be had.

**3. Same—Evidence of defendant's guilt of murder held sufficient to be submitted to the jury.**

Where the evidence in a trial for homicide tends to show that the prisoner and the deceased were seen talking together immediately before the latter was shot, and the deceased just after being shot said some one had shot him, but that he did not know who, and that the prisoner appeared in a neighboring house soon after the shooting, commented upon the fact that a man had been shot, and was anxious about having a pistol with him which he hid in consequence, and shells of the kind used in the pistol he had had and of the same size were found at the place of the killing, is upon the facts of this case held sufficient to be submitted to the jury and sustain a verdict of guilty of murder in the second degree.

**4. Criminal Law G a—Where the defendant introduces no evidence the question of guilt is for the jury under the presumption of innocence.**

A defendant in a criminal action may rely upon the presumption of his innocence, which remains with him throughout the trial and introduce no evidence in his own behalf, and though this may have its moral effect on the minds of the jury, it does not of itself as a matter of law create a presumption against him, and the question of his guilt is for the determination of the jury under the evidence, with the burden upon the State to prove him guilty beyond a reasonable doubt. C. S., 1709.

APPEAL by defendant from *Sinclair, J.,* at March Term, 1929, of DURHAM.

Criminal prosecution tried upon an indictment charging the defendant with the murder of one M. E. Rollins.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's prison at hard labor for a period of 30 years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Victor S. Bryant for defendant.*

STACY, C. J.   There is evidence on behalf of the State tending to show that M. E. Rollins, a white man and agent of the Home Security Insurance Company, was shot in the chest with a 25-calibre bullet and killed on the night of 18 March, 1929, while standing near his automobile on Division Street in the city of Durham.   Only one shot was heard.   Two or three minutes prior to the shooting, which occurred about 8 o'clock, the defendant and the deceased were seen standing in the street near the automobile, talking in a friendly manner about insurance, with no one else around.   Immediately after the shooting, the deceased ran into a nearby house and said to an occupant, Mary Hinson: "Get the doctor quick and call my wife.   I am shot.   A fellow out there at my car shot me."   On being asked by Mary Hinson if he knew who shot him, the deceased replied: "It was a fellow at my car, but I don't know who it was."   Shortly thereafter the defendant was seen at the home of Fannie Batts on Oak Street several blocks from the scene of the homicide. According to Vanda Moore, he bgan to pace the floor back and forth, and said: "I wonder is that man dead?" and in reply to an inquiry as to what man he had reference to and whether anybody had been shot, he said: "Yes, somebody shot him."   On hearing Connie Stone say that a man had been "shot up there," the defendant remarked: "Damn, I got this pistol in pawn.   I wish, G—d— it, I had never got it," to which the witness replied, "Yes, Archie, if they catch you with it they will say you shot him."   The defendant then said: "Damn it; let me hide it," and he went around the house and came back brushing off his hands. The next day a 25-calibre pistol was found under the house, which resembled the one the defendant had the night before.   It had a bullet lodged in the barrel.   Before leaving Fannie Batts' house that night, the defendant, on being informed that Mr. Rollins was dead, said that he could not go home because some policemen were out there and he did not want them to take him up, as he was already on a scout, and added: "If they don't get me tonight they won't get me."   On the day after the shooting, an empty shell was found near the place where the car was parked, and about six days later another empty shell was found 35 or 40 steps away.   Both of these shells were of the kind used in a 25-calibre pistol.

Upon this, the evidence chiefly pertinent, the State asked that the case be submitted to the jury, which was done, and resulted in a conviction of murder in the second degree.   The defendant appeals, assigning as error the refusal of the court to dismiss the action as in case of nonsuit on the ground that the evidence is not sufficient to warrant a conviction, and he relies upon the following authorities to support his position: *S. v. Montague,* 195 N. C., 20, 141 S. E., 285; *S. v. Melton,* 187 N. C., 481, 122 S. E., 17 (concurring opinion); *S. v. Oakley,* 176 N. C.,

755, 97 S. E., 616; *S. v. Brackville,* 106 N. C., 701, 11 S. E., 284; *S. v. Goodson,* 107 N. C., 798, 12 S. E., 329; *S. v. Wilcox,* 132 N. C., 1120, 44 S. E., 625; *S. v. Massey,* 86 N. C., 660; *S. v. Matthews,* 66 N. C., 106; *Rippey v. Miller,* 46 N. C., 479; 23 C. J., 49; 8 R. C. L., 225.

It is sometimes difficult to distinguish between evidence sufficient to carry a case to the jury, and a mere scintilla, which only raises a suspicion or possibility of the fact in issue. *S. v. Bridgers,* 172 N. C., 879, 89 S. E., 804; *S. v. White,* 89 N. C., 462. And it will readily be conceded that this is one of the border-line cases. But a careful perusal of the record leaves us with the impression that the State's evidence is of sufficient probative value to warrant its submission to the jury. *S. v. McKinnon, ante,* 576; *S. v. Lawrence,* 196 N. C., 562, 146 S. E., 395; *S. v. McLeod,* 196 N. C., 542, 146 S. E., 409; *S. v. Bynum,* 175 N. C., 777, 95 S. E., 101.

The general rule of law is, that, if there be any evidence tending to prove the fact in issue, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury; otherwise not. *Lewis v. Steamship Co.,* 132 N. C., 904, 44 S. E., 666; *S. v. Vinson,* 63 N. C., 335; *Matthis v. Matthis,* 48 N. C., 132. If the evidence warrant a reasonable inference of the fact in issue, its weight is for the jury. *S. v. Blackwelder,* 182 N. C., 899, 109 S. E., 644.

Speaking to the subject in *Campbell v. Everhart,* 139 N. C., 502, 52 S. E., 201, *Walker, J.,* delivering the opinion of the Court, very pertinently says: "The sufficiency of evidence in law to go to the jury does not depend upon the doctrine of chances. However confidently one, in his own affairs, may base his judgment on mere probability as to a past event, when he assumes the burden of establishing such event as a proposition of fact and as a basis for the judgment of a court, he must adduce evidence other than a majority of chances that the fact to be proved does exist. It must be more than sufficient for a mere guess, and must be such as tends to actual proof. But the province of the jury should not be invaded in any case, and when reasonable minds, acting within the limitations prescribed by the rules of law, might reach different conclusions, the evidence must be submitted to the jury."

The defendant offered no evidence, but relied upon the legal presumption of innocence and the weakness of the State's case. This he had a right to do. C. S., 1799. The presumption of innocence which surrounds a defendant on his plea of "not guilty," goes with him throughout the trial and is not overcome by his failure to testify in his own behalf. He is not required to show his innocence, but the burden is on the State to prove his guilt beyond a reasonable doubt. *S. v. Singleton,* 183 N. C., 738, 110 S. E., 846. And while his absence from the witness stand or his failure to testify, may be a circumstance not without its moral effect

upon the jury, of which every lawyer appearing for a defendant is always conscious, yet this fact, as a matter of law, creates no presumption against him, and is not a proper subject for comment by the solicitor in arguing the case before the jury. *S. v. Tucker,* 190 N. C., 708, 130 S. E., 720.

Nor is the failure of the State to show motive necessarily fatal to the case. *S. v. Alderman,* 182 N. C., 917, 110 S. E., 59. Its existence, if and when shown, may be helpful to the prosecution, but it is not an essential element of the crime. *S. v. Adams,* 138 N. C., 688, 50 S. E., 765.

Applying these principles to the evidence in the instant case, we conclude that the same was properly submitted to the jury. The verdict and judgment will be upheld.

No error.