## STATE v. REED COFFEY.

(Filed 14 October, 1936.)

**1. Homicide D b—Evidence of defendant's guilt of murder in the first degree held sufficient to be submitted to the jury.**

The State's evidence tended to show that deceased was killed from ambush with a shotgun, that deceased had charged accused with larceny, and that the trial was set for the following day, that shortly after the crime, accused stated deceased would not appear to testify against him in court upon the prosecution for larceny, that the homicide was committed with a shotgun belonging to accused's father, that accused had access to the gun, and was seen carrying a gun on the afternoon before the murder, that the gun was found the day after the homicide in a clump of bushes not far from the scene of the crime, that the gun had finger prints of accused upon it, and that, after his arrest, accused stated in response to a question, that his father did not have a shotgun that he knew of, although he knew all about it, and evidence that accused had previously made threats against deceased. Accused relied upon an alibi.

*Held:* The evidence, though circumstantial, was amply sufficient to be submitted to the jury on the question of accused's guilt of murder in the first degree.

**2. Criminal Law G n—**

Circumstantial evidence is a recognized and accepted instrumentality in the ascertainment of truth.

**3. Criminal Law G s—Court may allow solicitor to read parts of witness' testimony on preliminary hearing to refresh witness' memory.**

Upon examination by the solicitor, a witness was allowed to read her testimony upon the preliminary hearing to refresh her memory, and the solicitor was allowed to read part of her testimony to her. *Held:* Defendant's exception to the manner of examination of the witness cannot be sustained, it being permissible for the witness to thus refresh her memory, and if the manner of the solicitor's questioning be deemed leading, the matter was addressed to the sound discretion of the trial court, the purpose of the solicitor not being to introduce in evidence the testimony of the witness taken upon the preliminary hearing.

Appeal by defendant from *Clement, J.,* at July Term, 1936, of Avery.

Criminal prosecution, tried upon indictment charging the defendant with the murder of one Hardie Coffey.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

Defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Byron E. Williams for defendant.*

Stacy, C. J.  On Sunday evening, 5 April, 1936, about the hour of 7:30 p.m., Hardie Coffey was shot and killed while sitting with his family in the front room of his home in Avery County, teaching his little girl her music lesson.  The murderer stepped up on the front porch, shot through a glass window, and hit the deceased in the back just under the left shoulder.  He died almost instantly without speaking.

The evidence which tends to connect the defendant with the killing is circumstantial.  Nevertheless, it points unerringly to his guilt.  *S. v. Mellon,* 187 N. C., 481, 122 S. E., 17.  The defendant had been charged by the deceased, who was his uncle, with the larceny of some 'possum hides.  He was to be tried on the following day.  Shortly after the homicide, the defendant arrived at a church about a mile from the home of the deceased.  He was asked whether his uncle would appear in court against him the next day.  His reply was that he would not be there. The defendant had access to his father's shotgun, which was used by the

murderer, and it had the defendant's finger prints upon it when it was found, on the day after the homicide, in a clump of laurel bushes, or rhododendron, not far from the home of the deceased. The defendant was seen with a gun on the afternoon before the murder. After the defendant's arrest, the sheriff asked him, "Reed, what did you do with that shotgun?" His reply was, "I don't know anything about any shotgun." Question: "What kind of shotgun did your daddy have?" Answer: "He ain't got no shotgun that I know of." The gun used by the assailant was readily accessible to the accused and he knew all about it. To feign ignorance when candor would serve better is to reveal a troubled mind. On other occasions, the defendant had made threats against the deceased, stating that "some of these days he is going to go and nobody will know what became of him."

The defense interposed by the prisoner was, that he was elsewhere at the time of the homicide. S. v. Stamey, 209 N. C., 581, 183 S. E., 736. The jury rejected his alibi. S. v. Jeffreys, 192 N. C., 318, 135 S. E., 32; S. v. Jaynes, 78 N. C., 504.

On his appeal, the defendant relies chiefly upon his demurrer to the evidence or upon the insufficiency of the State's case to warrant a conviction. S. v. Carter, 204 N. C., 304, 168 S. E., 204; S. v. Montague, 195 N. C., 20, 141 S. E., 285. It is sometimes difficult to distinguish between evidence sufficient to carry a case to the jury and a mere scintilla, which only raises a suspicion or possibility of the fact in issue. S. v. Bridgers, 172 N. C., 879, 89 S. E., 804; S. v. White, 89 N. C., 462. In the instant case, however, the evidence is amply sufficient to require its submission to the jury. Indeed, it is fully as strong, if not stronger, than the evidence which was held sufficient to require its submission to the jury in some of the following cases: S. v. Satterfield, 207 N. C., 118, 176 S. E., 466; S. v. Ammons, 204 N. C., 753, 169 S. E., 631; S. v. McLeod, 198 N. C., 649, 152 S. E., 895; S. v. Allen, 197 N. C., 684, 150 S. E., 337; S. v. McKinnon, 197 N. C., 576, 150 S. E., 25; S. v. Lawrence, 196 N. C., 562, 146 S. E., 395; S. v. Melton, 187 N. C., 481, 122 S. E., 17; S. v. Young, 187 N. C., 698, 122 S. E., 667; S. v. Griffith, 185 N. C., 756, 117 S. E., 586; S. v. Bynum, 175 N. C., 777, 95 S. E., 101; S. v. Matthews, 162 N. C., 542, 77 S. E., 302; S. v. Taylor, 159 N. C., 465, 74 S. E., 914; S. v. Wilcox, 132 N. C., 1120, 44 S. E., 625.

Circumstantial evidence is not only a recognized and accepted instrumentality in the ascertainment of truth, but, in many instances, quite essential to its establishment. S. v. Plyler, 153 N. C., 630, 69 S. E., 269.

The defendant also complains at the manner in which a State's witness, Mrs. C. C. Franklin, was examined by the solicitor. She was asked about her testimony at the preliminary hearing, or coroner's inquest, and was allowed to read her evidence to refresh her recollec-

tion, and the solicitor read portions of it to her. *S. v. Lyon,* 89 N. C., 568. It was permissible for the witness to refresh her memory by referring to her previous testimony. *S. v. Staton,* 114 N. C., 813, 19 S. E., 96; *Storey v. Stokes,* 178 N. C., 409, 100 S. E., 689; *Davenport v. McKee,* 94 N. C., 325. And even if the manner of the solicitor's questioning be regarded as leading, this was a matter addressed to the sound discretion of the trial court. *S. v. Noland,* 204 N. C., 329, 168 S. E., 412; *S. v. Buck,* 191 N. C., 528, 132 S. E., 151; *Bank v. Wysong,* 177 N. C., 284, 98 S. E., 769; *McKeel v. Holloman,* 163 N. C., 132, 79 S. E., 445; *Crenshaw v. Johnson,* 120 N. C., 270, 26 S. E., 810; *S. v. Lyon, supra; Gunter v. Watson,* 49 N. C., 455. Moreover, it is not perceived wherein it could have been hurtful. *S. v. Jones,* 181 N. C., 546, 106 S. E., 817. It was not the thought or purpose of the solicitor to offer in evidence the testimony of the witness taken upon the former hearing. The cases cited by the defendant on the contrary hypothesis are inapposite. *S. v. Young,* 60 N. C., 126; *S. v. Grady,* 83 N. C., 643; *S. v. McLeod,* 8 N. C., 344.

After giving the record that degree of care which a capital case imposes, it is not discovered wherein any error was committed on the trial. Apparently the prisoner has been tried in strict conformity to the established rules and sentenced as the law commands. Hence, the verdict and judgment will be upheld.

No error.