STATE v. W. M. PRYTLE.

(Filed 5 May, 1926.)

1. **Homicide—Murder—Defenses—Suicide—Mental and Physical Condition of Deceased.**

Where the evidence ·is conflicting as to whether the prisoner on trial for murder shot and killed the deceased, or that the deceased committed suicide, it is reversible error for the court to exclude the evidence of the defendant tending to show her great depression of mind caused by her pregnancy, an unmarried woman, and her declared suicidal intent unless the prisoner, the putative father, should marry her.

2. **Same—Suicide—Condition of Mind.**

The evidence in defense upon a trial for murder, that the deceased had taken her own life, which excludes the prisoner's guilt, is a complete defense if proved to be true, and her declarations tending to show her mental despondency or condition of mind, are not objectionable as hearsay, and its exclusion constitutes error to the defendant's prejudice.

APPEAL by defendant from *Shaw, J.,* at December Term, 1925, of CATAWBA.

Criminal prosecution tried upon an indictment charging the defendant with a capital felony, to wit, murder in the first degree.

The jury found defendant guilty of murder in the second degree; and, from the judgment pronounced thereon the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*A. A. Whitener, Louie A. Whitener, and T. Manly Whitener for defendant.*

STACY, C. J.  Viewed from the standpoint of opposing contentions, this case is one of homicide versus suicide.

The State charges, and on the trial offered evidence tending to show, that Pearl Childers was murdered on the night of 31 October, 1925, in a Brookford boarding house, where she was rooming at the time.  The circumstances were such as to lead the authorities to believe, and the jury to find, that the deceased came to her death as a result of a pistol shot, fired by the defendant, which pierced her heart, causing instant death.

The defendant, on the other hand, contends, and offered evidence tending to show, that the deceased committed suicide.  All the evidence, pro and con, was circumstantial in character.  *S. v. Brackville,* 106 N. C., 701; *Rippey v. Miller,* 46 N. C., 479.

As tending to support the defendant's theory of suicide, he offered to show, but was not allowed to do so, that the deceased, an unmarried woman, was pregnant at the time of her death; that for quite awhile she had been despondent and gloomy over her condition; that she had openly declared on the day of her death, and on several occasions prior thereto, that she intended to kill herself if the defendant did not marry her; and further, if allowed, Dr. Hunsucker would have testified as follows:

"About two months prior to her death, Pearl Childers came to my office in Hickory. She came asking me for help, saying that she was in trouble and was pregnant, and wanted assistance, which I refused, and she seemed to be greatly depressed over the matter, saying that she would pay anything to get rid of it, even $500 if necessary, and I told her that I was sorry I could not give her the slightest assistance."

The declarations of the deceased were rejected as violative of the rule against hearsay, and it was thought that the testimony relative to her condition, tending to support the theory of suicide, was impertinent and irrelevant on the trial of the defendant for murder, hence, for this reason, such evidence was excluded. We think there was error in both rulings.

First, as to whether the evidence of the condition of the deceased, tending to support the theory of suicide, is competent on the trial of the defendant for murder: Tested by the weight of authority and by the better-considered cases, such evidence is generally held to be admissible, certainly since the decision in *Commonwealth v. Trefethen* (1892), 157 Mass., 180, 24 L. R. A., 235, which overruled a prior decision in that jurisdiction and has subsequently been followed in other states. See, also, *S. v. Beeson* (1912), 155 Iowa, 355, reported in Ann. Cas., 1914 D, with valuable note, and *S. v. Ilgenfritz* (1915), 263 Mo., 615, Ann. Cas., 1917 C, which contains an exhaustive review of the authorities on the subject.

The nature of the case proved by the State being such as not to render it impossible for the deceased to have committed suicide, the probability of her having done so would seem to be more likely, if it could be shown that she actually had an intention to take her life, than if she had no such intention. This evidence goes to a denial of the *corpus delicti,* which the State must establish beyond a reasonable doubt, as well as the other elements of the crime, and it is not in contravention of the rule, adhered to with some strictness in this jurisdiction, that evidence tending to show another committed the crime charged, is not competent unless it is of such character as to exclude the guilt of the accused. *S. v. Millican,* 158 N. C., 617; *S. v. Lane,* 166 N. C., 333; *S. v. Ashburn,* 187 N. C., 717. Here, proof of suicide is of such char-

acter; it would exclude the guilt of the accused, for if the deceased committed suicide, she could not, under the facts adduced on the hearing, have been murdered by the defendant.

Second, touching the alleged incompetency of the declarations of the deceased as hearsay: These declarations, it should be remembered, were offered, not as proof of the truth contained in such declarations, but as evidence of the fact that they were made, thus exhibiting a condition of mind, which may be shown by sounds or words, spoken or written, or by emotions displayed or acts done. Wigmore on Evidence (2 ed.), secs. 143 and 1725.

The condition of the mind is just as susceptible of proof as the condition of the stomach, but each can ordinarily be shown to others only by some external manifestation, such as an expression on the face, or a gesture or appearance of the body, or some act or speech; and proof of any or all of these for the sole purpose of showing the state of mind or intention of the person is proof of a fact or facts from which the state of mind or intention may be inferred. The admission of such evidence is not violative of the rule against hearsay. *Commonwealth v. Trefethen, supra.*

For the errors as indicated, in excluding the evidence offered by the defendant, there must be a new trial, and it is so ordered.

New trial.