STATE v. E. T. LAGERHOLM.

(Filed 1 May, 1935.)

**Homicide G d—Where defendant contends that deceased killed herself, testimony of declarations of suicidal intent by deceased is competent.**

In a prosecution for homicide in which defendant contends and introduces evidence that deceased killed herself, testimony of declarations by deceased that she was going to kill herself is competent as tending to show the condition of the mind of the deceased, and therefore the probability of her having committed suicide.

APPEAL by the defendant from *Pless, J.,* at October Term, 1934, of MECKLENBURG. New trial.

Criminal prosecution, tried upon an indictment charging the defendant with a capital felony, to wit, murder in the first degree.

The jury returned a verdict of guilty of murder in the second degree, and from judgment pronounced thereon the defendant appealed, assigning errors.

STATE *v.* LAGERHOLM.

*A. A. Tarlton and J. D. McCall for defendant.*
*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

SCHENCK, J.  The State charges, and on the trial offered evidence tending to show, that Minnie Lagerholm, on 31 July, 1934, received wounds and swallowed poison in the house in which she and the defendant, her husband, were living on North Davidson Street in the city of Charlotte, from which she died the night following in a hospital in said city.  The circumstances were such as to lead the authorities to believe, and the jury to find, that the deceased came to her death as the result of blows or poison, or both, inflicted or administered by the defendant. The defendant, on the other hand, contended, and offered evidence tending to show, that the deceased caused her own death by wounds self-inflicted, or poison intentionally taken, or both.  Much of the evidence, pro and con, was circumstantial in character.

As tending to support the defendant's theory of suicide, he offered to show, but was not allowed to do so, that the deceased, who was pregnant and addicted to strong drink, had on a number of occasions threatened to kill herself, and recently, when on a drunken debauch, "at eleven o'clock (at night) she (deceased) was still going on, shaking her fists in his (defendant's) face and saying, 'I am going to die, I am going to kill myself, but, old boy, you will hang for it, and it will all be laid on you.' "

We presume that the declarations of the deceased were held to be impertinent and irrelevant on the trial of the defendant for murder, and possibly violative of the rule against hearsay, and for these reasons excluded.  The exclusion of these declarations is made the bases for a number of exceptive assignments of error.  Practically the same questions as are here presented were presented in *State v. Prytle,* 191 N. C., 698, and this Court held that when the "case is one of homicide *versus* suicide" a declaration of suicidal intent by the deceased was competent, since it "goes to a denial of the *corpus delicti,*" and tends to show the condition of the mind of the deceased, and therefore the probability of her having committed suicide.  We are therefore constrained to hold that his Honor erred in excluding the testimony offered, and that a new trial must be awarded.

New trial.