## STATE v. FRED HEMPHILL.

(Filed 13 May, 1913.)

**1. Assault and Battery—Intent.**

To constitute the offense of assault and battery by taking hold of another, there must be an intention to hurt or injure, and where the act complained of is done with a kind intent, and so understood, unaccompanied by any injury, it is not indictable.

**2. Same—Conflicting Evidence—Instructions.**

Where it appears from the prisoner's evidence that in order to save the prosecutrix from being led astray by designing men, he took hold of her for the purpose of carrying her to her relative, she freed herself from his hold, and he did nothing further except to inform her relative of the circumstances, and there is also evidence tending to establish assault and battery, it is error for the court to charge the jury that upon the defendant's own evidence he was guilty of the assault.

**3. Assault and Battery—Intent Presumed—Questions for Jury.**

The intent with which the act of laying hold of another is done may be inferred by the jury from the act itself, under the surrounding circumstances, upon a trial for assault and battery; and when the act itself is unlawful, the intent is immaterial, or will be presumed.

APPEAL by defendant from *Lyon, J.,* at March Term, 1913, of BURKE.

The defendant was indicted for an assault on Cleo Moore. In view of the judge's charge to the jury, it is necessary to state only the defendant's testimony, which was as follows: "At the time of the alleged assault, I saw the prosecutrix, Cleo Moore, down in the woods near a spring with two white men. I

took hold of her to carry her to her grandmother. She jerked loose from me, and I went and told her grandmother where she was and what she was doing. Her grandmother cried. I never did strike her with anything. I only took hold of her to carry her to her grandmother, and when she broke loose, I did nothing more than to go and tell her grandmother."

The court charged the jury that, if they believed the defendant's own testimony, they should find the defendant guilty, to which the defendant excepted, and from the judgment, upon the verdict of guilty, he appealed. The sentence was twelve months on the roads.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*R. L. Huffman and Avery & Ervin for defendant.*

WALKER, J. It may be that the defendant should have been convicted upon the testimony of the State, but this was not submitted to the jury. The instruction of the court confined the jury to a consideration of the defendant's evidence. We do not think that this evidence was susceptible of only one construction or was so conclusively against the defendant as to warrant a direction to return a verdict of guilty, if the jury believed it. The jury might well have found from the circumstances surrounding the parties at the time, if left untrammeled by this peremptory instruction, that the prosecutrix was about to be led astray, and defendant intervened, at the request of her grandmother, her natural guardian and protector, for the innocent and laudable purpose of leading her away from the danger which threatened her, and that he placed his hand upon her, not with the intent of committing an assault upon her, and not in anger, but in kindness, for the purpose of protecting her. It may be true that every touching of the person of another, however slight or trifling the force may be, if done in an angry, rude, or hostile manner, will constitute an assault and battery; but not so if there was no intention to hurt or injure, and it was so understood by the other party, and there was in fact no injury. Whether it was done in anger or against the consent

of the prosecutrix, was a question for the jury. There must be an intent to injure (3 Cyc., 1024; *S. v. Reavis,* 113 N. C., 679), though this intent may be inferred by the jury from the act, and when the act itself is unlawful, the intent is immaterial or will be presumed. 1 McLain's Cr. Law, secs. 239 and 240, where the subject is fully discussed. Clark's Cr. Law (2 Ed.), p. 224, secs. 81-83 *et seq.* and notes. *Judge Gaston* said in *S. v. Davis,* 23 N. C., 126, that "an assault is an intentional attempt, by violence, to do an injury to the person of another. It must be *intentional,* for if it can be collected, notwithstanding appearances to the contrary, that there is not a present purpose to do an injury, there is no assault." And again: "The intention as well as the act makes an assault." If we are restricted to the defendant's testimony, it would appear, or at least there is reason for saying, that he did not intend to injure the prosecutrix, or to do any violence to her person, or to restrain her of her liberty against her will. The jury may reasonably conclude that his object was one of persuasion rather than coercion. He saw her plight—perhaps had been informed of it by her grandmother—and wished to relieve her of its evil consequences. If so, it was an act of kindness and mercy to her, rather than one of hostility. If he laid his hand upon her gently for the purpose of inducing her to return to her home and quit the company or association of designing men, and did not seize her with anger or rudeness, it surely would not be an assault in law. This might have been fairly deduced from his testimony. When she refused to go with him, he did not persist even in his effort to persuade her, nor did he offer her any violence or utter any threat. He simply desisted, returned to the house, told her grandmother what had occurred, and she cried, presumably because she knew that the safety of her child was imperiled. This made no more than a case for the jury upon the question whether there had been an assault.

New trial.