### STATE v. ANNA K. MONTAGUE.

(Filed 31 January, 1928.)

**Criminal Law—Evidence—Sufficiency.**

> Circumstantial evidence of a homicide is not sufficient when by any reasonable inference therefrom the question of guilt should remain uncertain in the mind of the jury, and under these circumstances defendant's motion as of nonsuit should have been allowed.

CRIMINAL ACTION, before *Shaw, J.,* at June Term, 1927, of BUNCOMBE.

The defendant, Anna K. Montague, was indicted for the murder of Mary A. Cooper, and was convicted of murder in the second degree, and

sentenced to the State prison for a term of not less than twelve nor more than twenty years at hard labor. The record shows that the jury "recommends the defendant to the mercy of the court."

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Lusk & Beachboard and Reynolds & Sullivan for defendant.*

BROGDEN, J. The testimony discloses certain independent and unconnected circumstances upon which the State relied for conviction. The principle of law declared in *S. v. Goodson,* 107 N. C., 798, is pertinent to the facts disclosed in this case. Goodson was convicted of murder and sentenced to death. The Court said: "We have examined with much care and scrutiny the evidence sent up as part of the case stated on appeal, and are of opinion that it was not sufficient to prove the prisoner's guilt, or to go to the jury for that purpose. Accepting the evidence as true, and sufficient to prove the facts to which it related, and giving these facts, severally and collectively, and in their bearing each upon the other, due weight, in any view of them they simply raise a strong suspicion of his guilt. The evidence pointing to the prisoner is circumstantial. The facts may be true; they may be taken, in any combination of them of which in their nature they are capable, and they fail to prove his guilt; they are inconclusive as to the material fact of guilt. . . . This full summary of the incriminating facts, taken in the strongest view of them adverse to the prisoner, excite suspicion in the just mind that he is guilty, but such view is far from excluding the rational conclusion that some other unknown person may be the guilty party. The mind is not simply left in a state of hesitancy and anxious doubt—it refuses to reach a conclusion."

So, in the present case, much could perhaps be written upon the various aspects of circumstantial evidence as a means of arriving at ultimate truth. Much, too, could be written with reference to weighing these circumstances and knitting them together in various and sundry combinations. But after all, the whole matter resolves itself into an interpretation of the record. As to this, different minds will reach different conclusions. Although we should assemble the precedents and authorities in martial array and dissect each one, the inevitable and ultimate question would still be ever present: "How do you apply these principles to the present record?"

After a diligent investigation, by the entire Court, of the records and briefs, three of us are of the opinion that the circumstances relied upon for conviction create suspicion more or less grave, but do not rise to that

dignity and import which the law recognizes as competent evidence upon the charge laid in the bill of indictment. After the same diligent investigation, two of us hold the contrary view.

In this situation, therefore, we hold that the judgment of nonsuit duly made at the close of the entire testimony should have been allowed.

Reversed.

ADAMS, J., dissenting: In *S. v. Carlson,* 171 N. C., 823, it was said by this Court: "The motion to nonsuit requires that we should ascertain merely whether there is any evidence to sustain the allegations of the indictment. The same rule applies as in civil cases, and the evidence must receive the most favorable construction in favor of the State for the purpose of determining its legal sufficiency to convict, leaving its weight to be passed upon by the jury. *S. v. Carmon,* 145 N. C., 481; *S. v. Walker,* 149 N. C., 527; *S. v. Costner,* 127 N. C., 566. The effect of Laws 1913, ch. 73, allowing a motion for nonsuit in a criminal case, was considered in *S. v. Moore,* 166 N. C., 371; *S. v. Gibson,* 169 N. C., 318. Where the question is whether there is evidence sufficient to warrant a verdict, this Court considers only the testimony favorable to the State, if there is any, discarding that of the prisoner. *S. v. Hart,* 116 N. C., 976. The weight of the evidence and the credibility of the witnesses are matters for the jury to pass upon. *S. v. Utley,* 126 N. C., 997."

Discarding the evidence of the defendant and considering that which is favorable to the State, I do not concur in the intimation that the testimony consists of nothing more than certain independent and unconnected circumstances upon which the State relied for conviction. The evidence, as I read it, reveals a series of incidents and circumstances which are so intimately connected, not to say interwoven, as to point directly to the defendant's guilt. The *corpus delicti* was admitted, it was not denied that the homicide occurred at the home of the deceased after eleven o'clock at night. The evidence tended to show that at this hour only three persons were in the house: the deceased and the defendant on one floor, and the registered nurse on another. There was evidence of the defendant's motive and opportunity for the commission of the crime, and her ill-will and purpose, of the significant circumstances under which she left Mrs. Cooper's on the morning preceding the homicide to go to West Asheville, of her admission that "when dark came" Mrs. Cooper kept coming into her mind, and that she knew "that something was going to happen to Mrs. Cooper," of the late hour of her return to Mrs. Cooper's home—the assault, her conduct, her inconsistent statements, her effort to conceal material evidence, and

her possession of garments, one of them bloody, owned by Mrs. Cooper and concealed in the defendant's trunk, with other articles which were damp, soon after the homicide. These are only a part of the series of circumstances which were submitted to the jury in a full and discriminating charge. Not only is circumstantial evidence an accepted instrumentality in the ascertainment of truth; it is essential to the administration of justice, and in my opinion its efficacy should be maintained unimpaired.

I am authorized to say that the CHIEF JUSTICE concurs in this opinion.