STATE v. BAXTER STANSBERRY.

(Filed 12 June, 1929.)

**1.   Appeal and Error E g—Record conclusive on appeal.**

   On appeal the Supreme Court is bound by the record as it is sent up.

**2. Criminal Law I g—Instructions on aspect of case not supported by · evidence held reversible error.**

   Evidence which tends only to show that a male person over eighteen years of age met the prosecuting witness on her way to a spring near a school she was attending, and that he caught her by the arms for a moment and then released her, using no improper language, and that she was then afraid to continue her way to the spring because she did not . know "who all was over there" without testimony that ·the defendant · caused her not to go to the spring is insufficient to support an instruc- . tion that if, under the circumstances, the prosecuting witness left the place where she had a right to be, or did not go to the spring by reason of the defendant's putting her in fear, the defendant would be guilty under the provisions of C. S., 4215, is reversible error, and a new trial will be awarded.

APPEAL by defendant from *Moore*, *J.,* at November Term, 1928, of CHEROKEE.

Criminal prosecution tried upon an indictment charging that the defendant did, on 5 November, 1928, with force and arms, assault, beat and wound one Beula Kilpatrick, a female, the defendant being, at the time, a male person over eighteen years of age. C. S., 4215.

It is not right clear from the record as to what took place in this case. But it seems that in August, 1928, four young girls, Annie Lee

Davis, her sister, Alice Davis, Polly Woody and the prosecuting witness, Beula Kilpatrick, all students at Marble, N. C., and each about fifteen years of age, were on their way to a spring, not far distant from the school, when they met four young men, Jud Stansberry, W. G. Griggs, Forest Abernathy and the defendant, Baxter Stansberry. The boys were apparently known to the girls; they had seen them before. It seems that the Davis girls and Griggs live within a half mile of each other.

The substance of Beula Kilpatrick's testimony is, that while they "were all around there, all together, standing in the trail that leads to the spring, Baxter Stansberry caught hold of my arm. I told him to turn me loose. He did not turn me loose when I told him to. I jerked loose and ran back to the schoolhouse. I was afraid to go to the spring because I didn't know who all was over there. He didn't say anything at all out of the way to me, not a word. When he took hold of me I stood still. The others had gone on but they were not out of my sight. Annie Lee Davis got back to the schoolhouse when I did."

The trial court instructed the jury, among other things, that if the prosecuting witness "left the place where she had a right to be, or did not go to the spring by reason of his putting her in fear, or she was put in fear by reason of the defendant's conduct, that would be an assault, and if you so find beyond a reasonable doubt, it would be your duty to convict the defendant." Exception.

Verdict: "Guilty of the charge."

Judgment: Two years on the roads.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. D. Mallonee and Moody & Moody for defendant.*

STACY, C. J. The trial court evidently had more facts before it than appear in the agreed case on appeal. But we are bound by the record as it is sent up. *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6.

Conceding that the evidence may be sufficient to carry the case to the jury on the theory of an assault and battery (*S. v. Hemphill,* 162 N. C., 632, 78 S. E., 167), still we think the trial court erred in submitting it on the assumption that sufficient show of force or threat of violence had been offered by the defendant to put the prosecutrix in fear and thereby cause her to leave from where she was, or to desist from going to the spring. She does not say that the defendant's conduct was the cause of her leaving or going back to the schoolhouse. Nor does she say that she was put in fear by him. On the other hand, she says she was

afraid to go to the spring because she did not know "who all was over there." The defendant said nothing, not a word, out of the way to the prosecuting witness.' *S. v. Daniel,* 136 N. C., 571, 48 S. E., 544.

On the record as presented, the defendant is entitled to have the judgment vacated and a new trial awarded. It is so ordered.

New trial.