STATE v. EUGENE ENGLISH.

(Filed 14 December, 1938.)

1. **Larceny § 7—Circumstantial evidence of guilt of larceny held insufficient to be submitted to the jury.**

Evidence tending to show that defendant's truck was used to haul away stolen pipe from the scene of the larceny and that the pipe was found on the truck shortly thereafter, that defendant waited several days after discovering the police had the truck in their possession without claiming it and without reporting its loss, and that defendant could not be found at home for several days after the truck had been seized, without evidence that defendant was in possession of the truck at the time the pipe was found loaded thereon, or on the previous night when the crime was committed, *is held* insufficient to be submitted to the jury on the charge of larceny.

2. **Larceny § 5—**

The presumption of guilt from recent possession of stolen property does not apply when the evidence tends to show merely that stolen property was found loaded on a truck belonging to defendant shortly after the crime.

3. **Criminal Law § 32a—Sufficiency of circumstantial evidence to take case to the jury.**

In order for circumstantial evidence to be sufficient to take the case to the jury, all the circumstances must be consistent with each other and with the hypothesis of guilt, and must exclude any reasonable hypothesis except that of guilt, and be inexplicable on the theory of innocence, considering the evidence in the light most favorable to the State.

APPEAL by defendant from *Bivens, J.,* at August Term, 1938, of UNION. Reversed.

Criminal prosecution tried upon a bill of indictment charging the defendant with the crime of larceny. A second count in the bill charged the crime of receiving stolen property knowing at the time that it was stolen.

The evidence for the State tends to show that the caretaker at the Condor Mine, near Waxhaw, in Union County, early in the morning missed six joints of iron pipe and expansion joint. It was six-inch pipe and 120 feet was missing; it had been disconnected by using a pair of chain tongs; the expansion joint was broken. There were automobile tire tracks which were traced to the road leading toward Charlotte; that shortly thereafter the defendant's truck was found parked on a street in Charlotte near Schwartz's Junk Shop; it was loaded with the missing pipe; the pipe was identified and the car tires had the same tread as the tires the tracks of which were found near the mine; that the defendant was seen early that morning at the railroad flagman's station near Schwartz's Junk Yard and within about one-fourth of a block from where the car was parked; and that the officers went to the home of the defendant on several occasions that day and on several occasions shortly thereafter and did not find him at home; that he later gave bond for the car, claiming it as his own; that a pair of chain tongs belonging to J. T. Love was found on the truck; and that these tongs had been loaned to three unidentified colored boys on or about 27 June.

The defendant admitted that he owned the car and offered evidence tending to show that on the night before he delivered it to one Fred Phillips, an automobile mechanic, for repairs; that he went fishing on the night the pipe was taken in company with others and did not return until the next morning; that upon his return he stopped by the railroad watchman's booth and gave him some of the fish he had caught, but did not see his car parked on the street.

The court overruled the defendant's motion for judgment as of nonsuit duly entered when the State rested and renewed at the conclusion of all the evidence. The jury returned a verdict of guilty of larceny. Judgment was pronounced on the verdict and the defendant excepted and appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*J. F. Flowers for defendant, appellant.*

BARNHILL, J. We are of the opinion that there is no sufficient evidence of the crime charged to be submitted to a jury and that the

defendant's motion to dismiss as of nonsuit should have been allowed. There is no evidence that the defendant was in possession of the truck at the time the pipe was found loaded thereon or on the preceding night except such constructive possession as arises from the fact that he was the owner of the car. *S. v. Simms,* 208 N. C., 459, 181 S. E., 269. The presumption that arises from the possession of stolen property does not exist against the defendant.

That the defendant owned the truck and that he waited several days after discovering that the police had it in their possession without claiming it and without reporting its loss, which he admits he discovered during the day the pipe was found, and the further fact that he could not be found at home for several days after his truck had been seized by the officers, may raise in the mind of the average person a strong suspicion that the defendant is the offending party. This, however, is not sufficient. The evidence is wholly circumstantial. To convict upon this type of evidence all the circumstances proved must be consistent with each other, consistent with the hypothesis that accused is guilty, and at the same time inconsistent with the hypothesis that he is innocent and with every other rational hypothesis except that of guilt. Only when the evidence considered in the light most favorable to the State excludes any reasonable hypothesis except that of guilt and the circumstances are inexplicable on the theory of innocence is a conviction warranted. *S. v. Madden,* 212 N. C., 56, 192 S. E., 859, and cases there cited. When the circumstances taken together are as compatible with innocence as with guilt there arises a reasonable doubt and it is the duty of the jury to adopt the hypothesis of innocence even though that of guilt is the more probable. *S. v. Madden, supra.*

The circumstantial evidence offered against the defendant, viewed in the light most favorable to the State, is insufficient to support his conviction. The motion to dismiss should have been allowed.

Reversed.