STATE v. RALPH SHU.

(Filed 30 October, 1940.)

**Criminal Law § 52b: Burglary § 9—Circumstantial evidence tending to identify defendant as perpetrator of crime which does not exclude reasonable hypothesis of innocence is insufficient.**

In this prosecution for breaking and entering, the evidence tended to show that defendant operated a filling station and customarily drove his father's car, that on the night in question the car was seen at the filling station at about two o'clock, that the offense was committed about two-thirty o'clock, entry being effected by breaking the glass of the door, that blood was found on the floor and on the safe, apparently from some person cut by the broken glass, that two unidentified persons came out of the cafe, got into the car and drove rapidly away, that the car was found at the house of defendant's father, where defendant lived, the next morning, that there was blood in the automobile and on an automobile spring found therein which was usable as a tire tool and which corresponded to marks on the door of the cafe entered, indicating that it had

been used in effecting entrance. There was no evidence that defendant was seen at all on the night of the crime. *Held:* While the evidence tends to show that the automobile was used by those who committed the offense, it raises no more than a suspicion or conjecture that defendant was present or actually participated in its commission and does not exclude a reasonable hypothesis of defendant's innocence, and defendant's motion for judgment as of nonsuit should have been allowed.

APPEAL by defendant from *Phillips, J.,* at May Term, 1940, of IREDELL. Reversed.

The defendant was charged with felonious breaking and entering a building known as Stonestreet's Cafe. At the conclusion of State's evidence defendant moved for judgment as of nonsuit. Motion denied. Defendant offered no evidence. Verdict: Guilty. From judgment imposing prison sentence, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*A. A. Tarlton for defendant.*

DEVIN, J. The only question presented by this appeal is whether the State's evidence was of sufficient probative force to warrant its submission to the jury. An examination of the record leads us to the conclusion that defendant's motion for judgment as of nonsuit should have been allowed.

The State's evidence tended to show that on the night of 24 April, 1940, about 2:30 a.m., Stonestreet's Cafe in Mooresville was broken and entered, and goods stolen therefrom, entrance being effected by breaking the glass of the front door. A small safe was removed and thrown out nearby, unopened. There was blood on the floor of the cafe, apparently from some person cut by the broken glass, and there was blood on the safe. A witness testified that at 2:30 a.m. he saw in front of Stonestreet's Cafe an automobile, which, it was shown, had been registered in the name of Wade Shu (defendant's father), and customarily driven by defendant, and that he saw two unidentified men come out of the cafe and get in the automobile and drive rapidly away. It was also in evidence that defendant lived with his father, two and a half miles from the cafe; that he had a service station about a mile and a half away; that this same automobile was seen at defendant's service station at 2:00 the same night. The automobile was found next morning in the yard at the home of defendant's father. There was blood in the automobile, and also a piece of automobile spring, usable as a tire tool, which corresponded to marks on the door of the cafe where it had apparently been used in effecting entrance. There was no evidence that the defendant

was seen at all on the night in question. When arrested next day he was examined from head to foot and no cut or scratch was found upon him.

This evidence tends to show that the automobile of Wade Shu, which the defendant habitually drove, was used by those who committed the offense charged in the bill of indictment, but it fails to connect the defendant personally with the crime. The fact of the unexplained use of the car by two unidentified persons affords no more than a suspicion or conjecture that defendant was present or actively participated in the offense.

From *S. v. Goodson,* 107 N. C., 798, 12 S. E., 329, where the evidence was held insufficient to sustain a conviction for murder, we quote the apt language of *Chief Justice Merrimon:* "This full summary of the incriminating facts, taken in the strongest view of them adverse to the prisoner, excite suspicion in the just mind that he is guilty, but such view is far from excluding the rational conclusion that some other unknown person may be the guilty party." *S. v. Montague,* 195 N. C., 21, 141 S. E., 285; *S. v. Woodell,* 211 N. C., 635, 191 S. E., 334; *S. v. Madden,* 212 N. C., 56, 192 S. E., 859; *S. v. English,* 214 N. C., 564, 199 S. E., 920. "It all comes to this, that there must be legal evidence of the fact in issue and not merely such as raises a suspicion or conjecture in regard to it." *S. v. Prince,* 182 N. C., 788, 108 S. E., 330; *S. v. Patterson,* 78 N. C., 470; *S. v. Martin,* 191 N. C., 404, 132 S. E., 16; *S. v. Epps,* 214 N. C., 577, 200 S. E., 20; *S. v. Norggins,* 215 N. C., 220, 1 S. E. (2d), 533.

The motion for nonsuit should have been allowed, and the judgment is
Reversed.