## STATE v. HILLIARD PENRY.

(Filed 29 October, 1941.)

**Intoxicating Liquor § 9d: Criminal Law § 52b—Circumstantial evidence raising mere suspicion of guilt held insufficient to be submitted to the jury.**

Evidence that empty jars smelling of liquor were found in defendant's house and that in a field some 200 yards from defendant's house on land belonging to another, traversed by two or three paths used by persons in the neighborhood generally, were found 52 pints of whiskey concealed, is insufficient to be submitted to the jury on the question of defendant's

possession of intoxicating liquor, either actual or constructive, the circumstances disclosed by the evidence being such as to excite suspicion but being insufficient to exclude the rational conclusion that some other person may have been the guilty party.

APPEAL by defendant from *Clement, J.,* at March Term, 1941, of RANDOLPH. Reversed.

The defendant was charged with the possession of intoxicating liquor for the purpose of sale. There was verdict of guilty, and from judgment imposing sentence in accord therewith, the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*Ferree & Beal for defendant.*

DEVIN, J. An examination of the evidence upon which the State relied for conviction leads us to the conclusion that the defendant's motion for judgment of nonsuit, interposed at the close of the State's evidence, should have been allowed.

The testimony offered by the State tended to show that upon a search of defendant's house no intoxicating liquor was discovered. Only the smell of liquor remained in some empty jars. In a field some 200 yards from defendant's home and on land belonging to another were found fifty-two pints of whiskey concealed. There were a number of houses near this spot, several of them nearer than defendant's, and three paths traversed the vicinity. It was testified that down below the defendant's home, near an old house, were found some footprints that led in the direction of the field. By whom the tracks were made did not appear. In the language of the State's witness, "Folks live all around this place and two or three paths through there."

The State's case fails at the first hurdle. Evidence is lacking to show possession of intoxicating liquor, either actual or constructive, on the part of the defendant. The circumstances may have been such as to excite suspicion, but the evidence adduced does not exclude the rational conclusion that some other person may have been the guilty party. *S. v. Prince,* 182 N. C., 788, 108 S. E., 330; *S. v. Montague,* 195 N. C., 20, 141 S. E., 285; *S. v. English,* 214 N. C., 564, 199 S. E., 920; *S. v. Shu,* 218 N. C., 387, 11 S. E., 155.

The judgment is
Reversed.