## STATE v. JOE WATTS.

(Filed 13 December, 1944.)

**1. Intoxicating Liquors §§ 4d, 9d—**

In a criminal prosecution, charging defendant with the possession of whiskey for purpose of sale, where the State's evidence showed the presence of four tax-paid, unbroken bottles, containing less than a gallon of whiskey, in the cabin of defendant near his filling station, and four other tax-paid, unbroken bottles, containing four-fifths of a gallon in another cabin near-by on defendant's premises, occupied by a woman who claimed these four bottles as her own purchase for her own use, the evidence is not sufficient to make out a *prima facie* case, and defendant's motion for judgment as of nonsuit should have been allowed. G. S., 18-11, 18-32.

**2. Criminal Law § 52b—**

When a complete defense is made out by the State's evidence, a defendant should be allowed to avail himself of such defense on motion for judgment as of nonsuit.

**3. Criminal Law § 34a—**

When the State offers the declaration of a defendant which tends to exculpate him on a material point, he is entitled to whatever advantage it affords.

**4. Same—**

While the State in a criminal prosecution, by offering the statements of a defendant and his employee, is not precluded from showing that the facts were otherwise, no such evidence being offered by the State, the statements are presented as worthy of belief.

**5. Criminal Law § 52b—**

Evidence, which merely suggests the possibility of guilt or raises only a conjecture, is insufficient to require submission to the jury.

APPEAL by defendant from *Dixon, Special Judge,* at September Term, 1944, of COLUMBUS. Reversed.

Defendant was charged with possession of whiskey for the purpose of sale.

The State offered evidence from two officers tending to show that the defendant operated a filling station with two cabins in the rear. In one of these cabins, which defendant said he occupied, was a bed and a man's clothing. In this was found four bottles, each containing four-fifths of a quart of whiskey. The bottles bore proper revenue stamps with seals unbroken. In the other cabin, which defendant said was occupied by a woman employee, was found feminine apparel and four bottles, each containing four-fifths of a quart of whiskey. These also bore proper revenue stamps with seals unbroken. The woman, who had been the wife of defendant but now divorced, said the whiskey found in her cabin was hers, that she had bought it for her own use and was going to have a birthday party in a day or two. Defendant also said the whiskey in the second cabin was the woman's. The statements of the defendant and the woman were offered in the testimony of the State's witnesses. The bottles bore stamps indicating that the four bottles first discovered had been purchased on the same date two weeks before from the Wilmington A.B.C. Liquor Store, and the other four bottles, of a different brand, were purchased at same place a week later.

It also appeared that at the time of the officers' visit they saw no gasoline in the tank and only a small supply of goods in the filling station, and some beer and wine.

The jury returned verdict of guilty, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*
*J. W. Brown and W. F. Jones for defendant.*

DEVIN, J. The defendant assigns error in the denial by the trial court of his motion for judgment as of nonsuit entered at the close of the State's evidence. He contends that there was no sufficient evidence to support the charge of possession of whiskey for the purpose of sale.

The presence of four bottles containing less than a gallon of whiskey in the cabin near his filling station which was occupied by defendant would not be sufficient to constitute *prima facie* evidence that the liquor was being kept for the purpose of sale. G. S., 18-32; G. S., 18-11; *S. v. Sudderth,* 223 N. C., 610. The fact that there were four bottles containing four-fifths of a gallon of whiskey in the other cabin on defendant's premises, is coupled with defendant's uncontradicted explanation

offered by the State that the second cabin was occupied by a woman employee who declared, as shown by the State, that the four bottles in that cabin were hers, and that she had purchased that whiskey and was keeping it for her own consumption. It was also admitted that the bottles referred to had been purchased several weeks before, at different times, that they contained different brands of whiskey, and that the seals were unbroken at time of the officers' visit.

It is an established rule that when a complete defense is made out by the State's evidence a defendant should be allowed to avail himself of such defense on a motion for judgment as of nonsuit. *S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769. When the State offers the declaration of a defendant which tends to exculpate him on a material point, he is entitled to whatever advantage it affords. *S. v. Cohoon,* 206 N. C., 388, 174 S. E., 91. While the State by offering the statements of the defendant and his woman employee was not precluded from showing that the facts were different, no such evidence was offered here, and this evidence was presented as worthy of belief. *S. v. Todd,* 222 N. C., 346, 23 S. E. (2d), 47; *S. v. Baker,* 222 N. C., 428, 23 S. E. (2d), 340. Hence, the State's evidence tends to negative the assumption that more than four bottles of whiskey were in the defendant's possession, and to show that the other four bottles were lawfully in the possession of another.

In the absence of evidence of possession by the defendant of more than one gallon of spirituous liquor, *prima facie* evidence of violation of the statute would be wanting. There was no other evidence to sustain the charge. There were no empty bottles "strewn around," as appeared in *S. v. Libby,* 213 N. C., 662, 197 S. E., 154, or other incriminating circumstances shown. The fact of the absence of gasoline in the filling station at the time the officers were there and scarcity of goods on the shelves might cause inquiry and arouse suspicion but must be held insufficient to afford substantial evidence of the commission of the offense charged in the warrant. "Evidence which merely suggests the possibility of guilt or raises only a conjecture is insufficient to require submission to the jury." *S. v. Todd, supra; S. v. Penry,* 220 N. C., 248, 17 S. E. (2d), 4; *S. v. Prince,* 182 N. C., 788, 108 S. E., 330.

The motion for judgment as of nonsuit should have been allowed. Judgment is

Reversed.