### STATE v. ERNEST ROBINSON.

(Filed 15 December, 1948.)

**1. Criminal Law § 42f—**

Where one or more of the State's witnesses testifies adversely to the State, the State is not precluded from showing by other witnesses a contrary state of facts upon the point.

**2. Criminal Law § 52a (4)—**

Conflict in the testimony of the State's witnesses, some testimony being inculpatory and some being exculpatory, does not justify nonsuit.

**3. Same—**

Where the State offers exculpatory testimony defendant is entitled to the benefit thereof, and when the State offers no evidence *contra,* defendant is entitled to nonsuit.

**4. Same: Assault § 13—**

Where all the evidence of record tends to show an accidental shooting, and there is no evidence that the weapon was intentionally discharged or was handled so recklessly as to constitute culpable negligence, defendant is entitled to his discharge in a prosecution for assault with a deadly weapon, and judgment against him will be reversed on appeal.

**5. Criminal Law § 77d—**

The Supreme Court is bound by the record as certified regardless of whether the case is settled by counsel or by the judge or is fixed by operation of law, and the appeal must be decided upon the record without indulging in assumptions as to what might have occurred.

APPEAL by defendant from *Burgwyn, Special Judge,* April Term, 1948, RICHMOND.  Reversed.

STATE *v.* ROBINSON.

Criminal prosecution upon a bill of indictment charging that the defendant did feloniously assault one Judy Bell Robinson, his wife, with a deadly weapon, a rifle, inflicting serious injury not resulting in death.

Defendant, his wife, and her father lived in the same home. On the night of 10 January 1948, the two men were away from home and the wife went to her brother-in-law's home to await their return. The wife and the father returned first. After midnight, the defendant came in, went into the bedroom where his wife was and told her he wanted to return to the wake but had no money, and he wanted to pawn his rifle. At that time the rifle was in a rack over the bed, and his wife was standing by the bed. A "low" light was on. As he took the rifle down, it struck the bed and was discharged. "When it struck the bed it went off. It was hanging right over the bed and he taken it down and it hit the bed and went off and that's where I was at. I was standing up . . . he didn't throw it up to shoot or anything . . . I didn't say anything to him— you know—towards any fuss. He asked me about—you know—letting his brother-in-law hold it to get some money to go back to the wake."

The bullet struck the woman on her right side and went through her "top skin" and lodged in her right shoulder. She was hospitalized for about a week.

After the rifle fired, the defendant and his wife went into the next room, and she called her father and told him she was shot. He reached for his gun and defendant went on out. She told her father not to shoot "because an accident happened."

The next day, about 11:00 a.m., defendant surrendered to an officer who was looking for him. At that time he told the officer he did not go back home because "he was afraid old man Rufus and his son would do something to him."

This is a summary of all the evidence offered by the State. There was no testimony for the defendant. The court overruled defendant's demurrer to the evidence and submitted the same to the jury. There was a verdict of guilty of an assault with a deadly weapon. From judgment thereon, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Pittman, McLeod & Webb for defendant appellant.*

BARNHILL, J. The State ordinarily is not bound by the adverse testimony of one of its witnesses but may offer other conflicting evidence. That is, it is not precluded from showing that the facts are other than as related by one or more of its witnesses. *S. v. Mace,* 118 N. C. 1244; *S. v. Edwards,* 211 N. C. 555, 191 S. E. 1; *S. v. Freeman,* 213 N. C. 378, 196

S. E. 308; *S. v. Todd,* 222 N. C. 346, 23 S. E. (2) 47; *S. v. Watts,* 224 N. C. 771, 32 S. E. (2) 348.

When its evidence is conflicting—some tending to inculpate and some to exculpate the defendant—it is sufficient to repel a demurrer thereto and must be submitted to the jury. *S. v. Edwards, supra; S. v. Mace, supra; S. v. Todd, supra.*

. When, however, the State's case is made to rest entirely on testimony favorable to the defendant, and there is no evidence *contra* which does more than suggest a possibility of guilt or raise a conjecture, demurrer thereto should be sustained. *S. v. Todd, supra; S. v. Coffey,* 228 N. C. 119; *S. v. Watts, supra; S. v. Boyd,* 223 N. C. 79, 25 S. E. (2) 456; *S. v. Penry,* 220 N. C. 248, 17 S. E. (2) 4; *S. v. Prince,* 182 N. C. 788, 108 S. E. 330; *S. v. Gordon,* 225 N. C. 757, 36 S. E. (2) 143.

When the State offers evidence which tends to exculpate the defendant, he is entitled to whatever advantage the testimony affords and so, when it is wholly exculpatory, he is entitled to his acquittal. *S. v. Cohoon,* 206 N. C. 388, 174 S. E. 91.

The record before us, viewed in the light of these principles of law, leads to the conclusion that the court below should have sustained defendant's motion to dismiss as in case of nonsuit.

All the testimony points to an accidental shooting. While we may surmise that the whole truth has not been told and that an intentional assault was in fact committed, there is no evidence to support that inference. There is no testimony tending to show either that the rifle was intentionally discharged or was so recklessly used as to constitute criminal liability for the resulting injury. There is no testimony tending to show the defendant committed any criminal offense.

It may not be amiss to note that the court below, in its charge, giving the contentions of the State, referred to evidence tending to show that defendant's wife was in bed asleep when she was shot, that there was some argument following which defendant picked up his rifle and intentionally shot her, and to other incriminating facts and circumstances which do not appear in the testimony included in the record before us. This would seem to indicate that the record fails to include all the evidence offered by the State.

Be that as it may, the record on appeal imports verity, and this Court is bound thereby. *S. v. Debnam,* 98 N. C. 712; *S. v. Price,* 175 N. C. 804, 95 S. E. 478; *S. v. McWhirter,* 193 N. C. 845, 137 S. E. 657; *S. v. Stansberry,* 197 N. C. 350, 148 S. E. 546; *S. v. Goff,* 205 N. C. 545, 172 S. E. 407; *S. v. Sheffield,* 206 N. C. 374, 174 S. E. 105. This is true even though the case is settled by counsel, *S. v. Chaffin,* 125 N. C. 660; *S. v. Brown,* 207 N. C. 156, 176 S. E. 260; and not by the judge, *S. v. Griggs,*

197 N. C. 352, 148 S. E. 547, or is fixed by operation of law, *S. v. Starnes,* 220 N. C. 384, 17 S. E. (2) 346.

The Supreme Court is bound by the case on appeal, certified by the clerk of the Superior Court, even though the trial judge has had no opportunity to review it, and must decide questions presented upon the record as it comes here, without indulging in assumptions as to what might have occurred. *S. v. Wolfe,* 227 N. C. 461, 42 S. E. (2) 515; *S. v. Gause,* 227 N. C. 26, 40 S. E. (2) 463; *S. v. Miller,* 214 N. C. 317, 199 S. E. 89; *S. v. Dee,* 214 N. C. 509, 199 S. E. 730; *S. v. Batson,* 220 N. C. 411, 17 S. E. (2) 511, 139 A. L. R. 614.

The defendant is entitled to his discharge. To that end the judgment below is

Reversed.