STATE v. MARION CRANFORD, DONALD RAY ROBERTSON AND JOHN H. McMAHON, JR.

(Filed 30 November, 1949.)

**1. Criminal Law § 28—**

The State must prove defendant's guilt beyond a reasonable doubt.

**2. Criminal Law § 52a (3)—**

Evidence tending to show that upon the arrival of police officers at the scene of a break-in in response to a telephone call, they saw the three defendants running up the street, that defendants got into a car and drove quickly away and were not stopped by the officers until after a ten mile chase, and that appealing defendant denied any knowledge of the break-in, *is held* insufficient to be submitted to the jury, and judgment of nonsuit is allowed in the Supreme Court on appeal. G.S. 15-173.

APPEAL by defendant, Donald Ray Robertson, from *Crisp, Special Judge,* June, 1949, Special Criminal Term, of MECKLENBURG.

Criminal prosecution on indictment charging the appealing defendant and two others with breaking and entering an industrial plant with intent the goods and chattels therein, the property of the owner, to steal and carry away.

In response to a telephone call, shortly before 2 :00 a.m., 28 May, 1948, three members of the Charlotte police force arrived at the plant of the Coca-Cola Bottling Company, situate on Morehead Street, near Summit Avenue, and immediately thereafter saw three boys cross Morehead Street and run up Summit Avenue about a quarter of a block away. One of the officers identified the boys as McMahon, Cranford and Robertson (defendants herein). The three boys entered a Terraplane-Hudson automobile and drove quickly away. The officers gave chase and stopped them after a run of about ten miles. McMahon who was driving told the officer "the reason he didn't stop was that he had no driver's license." The car when stopped was occupied by the three defendants herein.

Upon investigation it was found that a window of the Coca-Cola plant had been entered and two desks opened, but nothing particularly disturbed. The only thing missing was a coin changer, and that was found the next morning under a bush just outside the window that had been entered.

When questioned about the break-in, the appealing defendant Robertson told the police that he knew nothing about it.

All three of the occupants of the Terraplane-Hudson automobile were taken into custody, all were indicted herein, convicted and each sentenced to the State's Prison for a term of not less than three nor more than five years.

The defendant Robertson appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Elbert E. Foster and J. F. Flowers for defendant.*

STACY, C. J. Undoubtedly the record points an accusing finger at the appealing defendant as one of the participants in the crime here charged. But this would seem to be all. A careful scrutiny of the evidence leaves us with the impression that it falls short of the degree of proof required to convict a defendant in a criminal prosecution. It all may be true, and yet the appealing defendant may be innocent. *S. v. Goodson,* 107 N.C. 798, 12 S.E. 329; *S. v. Tillman,* 146 N.C. 611, 60 S.E. 902; *S. v. Montague,* 195 N.C. 20, 141 S.E. 285; *S. v. Battle,* 198 N.C. 379, 151 S.E. 927; *S. v. Shu,* 218 N.C. 387, 11 S.E. 2d 155; *S. v. Penry,* 220 N.C. 248, 17 S.E. 2d 4. In *S. v. Penry, supra,* it is said: "The State's case

fails at the first hurdle," and in the present case we are inclined to the view that it does so in the end at least.

The State must prove his guilt beyond a reasonable doubt. *S. v. Creech,* 229 N.C. 662, 51 S.E. 2d 348; *S. v. Harvey,* 228 N.C. 62, 44 S.E. 2d 472; *S. v. Warren,* 228 N.C. 22, 44 S.E. 2d 207; *S. v. Ewing,* 227 N.C. 535, 42 S.E. 2d 676; *S. v. Godwin,* 227 N.C. 449, 42 S.E. 2d 617; *S. v. Harris,* 223 N.C. 697, 28 S.E. 2d 232; *S. v. Smith,* 221 N.C. 400, 20 S.E. 2d 360; *S. v. Miller,* 212 N.C. 361, 193 S.E. 388; *S. v. Schoolfield,* 184 N.C. 721, 114 S.E. 466.

We hold that on the present record the prosecution has failed to make out a case against the appealing defendant. His demurrer to the evidence or motion for judgment in case of nonsuit will be allowed here. G.S. 15-173; *S. v. Ray,* 229 N.C. 40, 47 S.E. 2d 494; *S. v. Minton,* 228 N.C. 518, 46 S.E. 2d 296; *S. v. Wrenn,* 198 N.C. 260, 151 S.E. 261.

Reversed.