State v. Jones

STATE OF NORTH CAROLINA v. EMANUEL WILLIE JONES

No. 8416SC903

(Filed 2 July 1985)

1. **Homicide § 26— second degree murder—self-defense—evidence of murder sufficient**

    The court did not err by denying defendant's motion to dismiss the charge of second degree murder where defendant's statement that he shot decedent in self-defense when decedent was advancing on him with a knife was contradicted by evidence that decedent had nothing in his hands but cigarettes, decedent's knife was closed and in his pocket, and neither man moved towards the other after a warning shot was fired.

2. **Criminal Law § 102.5— cross-examination—improper question—no prejudice**

    There was no prejudice in a prosecution for second degree murder where the prosecutor on cross-examination asked the widow of decedent, a defense witness, whether she could say anything she wanted since the decedent was not there to contradict her.

APPEAL by defendant from *Mills, Judge*. Judgment entered 17 February 1984 in Superior Court, SCOTLAND County. Heard in the Court of Appeals 14 March 1985.

Defendant was tried and convicted of second degree murder. The State's evidence was as follows: James Wiley Smith and his wife had been separated for about three years. Defendant and Smith had been hostile towards each other since defendant started associating with his wife about six months earlier, and they had quarreled several times about it. On the day in question: Shortly after defendant arrived at a convenience store the decedent James Wiley Smith entered and the two men began arguing. The proprietor stepped between them and asked them to leave his premises separately. Smith, leaving the store first, walked toward the gas pumps; defendant, leaving in the opposite direction, walked toward his car. Shortly thereafter two gunshots were heard and witnesses saw Smith stagger and fall. When the shots were fired the two men were standing about six to eight feet from defendant's car, according to one witness, who did not see what, if anything, either man held in his hands. Immediately after the first shot was fired another witness saw Smith holding several cigarette packages in his right hand and did not see him with a knife. A closed knife was in Smith's pants pocket after the shoot-

ing and the only objects found on the ground near him were two packs of cigarettes. Immediately after the shooting defendant drove his car to the sheriff's office and told a deputy that he had shot James Wiley Smith. When questioned further defendant stated that Smith followed him to his car and threatened him with a knife; that he then got his gun from the car, fired one shot in warning, and when Smith continued to advance on him with the knife he shot a second time in self-defense.

Defendant's testimony concerning the shooting was largely consistent with the State's account of his statement. In addition he testified that Smith had threatened him on many occasions and he had threatened Smith several times. Other defense witnesses testified to previous arguments and threats by the two men. Smith's estranged wife, a passenger in defendant's car at the time of the shooting, testified that: Smith had threatened to kill them if he ever saw her and defendant together again; she left him three years earlier because of his violent and dangerous character; though she heard defendant warn Smith to leave him alone she did not see the shooting, because she dived down on the seat of the car when defendant got his gun.

*Attorney General Edmisten, by Assistant Attorney General Tiare B. Smiley, for the State.*

*Appellate Defender Stein, by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant first contends that the trial court erred in denying his motion to dismiss the charge of second degree murder because the evidence was insufficient for a rational trier of fact to find beyond a reasonable doubt that he was guilty. Specifically, he contends that his statement to the deputy sheriff, introduced into evidence by the State, exculpated him under *State v. Tolbert,* 240 N.C. 445, 82 S.E. 2d 20 (1954). We disagree. The introduction of a defendant's exculpatory statement does not preclude the State from showing that the facts were otherwise; and when the State's evidence, according to the view taken of it, tends to both inculpate and exculpate the defendant, it is a jury issue. *State v. Robinson,* 229 N.C. 647, 50 S.E. 2d 740 (1948). Defendant's statement that he shot Smith in self-defense when Smith was advanc-

ing on him with a knife is contradicted by evidence that Smith had nothing in his hands but some cigarettes, his knife was closed and in his pocket, and neither man moved towards the other after the warning shot was fired. Thus, the jury was at liberty to choose between these conflicting versions of the incident and their finding that defendant shot Smith with felonious intent, rather than in self-defense, is not invalid, as defendant contends.

[2] The defendant also cites as error the prosecutor's cross-examination of Geneva Smith, the widow of the decedent and a witness for the defendant, as follows:

Q Truth is, Mrs. Smith, you can say about anything you want to since your husband isn't here—

MR. GORDON: Object.

Q —to contradict you, can't you?

THE COURT: Overruled.

Q Can't you?

A What?

Q Tell about anything you please about threats or anything else, can't you?

A Well, I'm telling the truth.

Q You took an oath to tell the truth, didn't you?

A That's right.

While this was certainly improper cross-examination and for the obvious purpose of prejudicing defendant's case with the jury, we seriously doubt that it had that effect. Jurors are not without perception; those sitting on this case already knew that there would be no rebuttal by the decedent, and since few people enjoy being told the obvious, it is unlikely that the prosecutor's announcement of that fact impressed them. Even so the court should have stopped and corrected this attempt at prejudice, rather than condone it.

No error.

Judges ARNOLD and COZORT concur.