STATE OF NORTH CAROLINA, Plaintiff,
v.
TABORIS KAREEM MACKEY, Defendant.
No. COA07-1086
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Attorney General Roy A. Cooper III, by Assistant Attorney General Rebecca E. Lem, for the State.
Michael E. Casterline, for defendant-appellant.
STROUD, Judge.
Defendant appeals from his convictions by a jury of trafficking in cocaine by possession and conspiracy to traffic in cocaine by possession. At trial, the State introduced evidence tending to show the following: Police obtained information from an investigation in December 2004 that a kilo of cocaine was located at Eugene James Road. Alton Ray Moore ("Moore") had been residing at 3571 Eugene James Road for approximately seven months with his fiancée, Jackie Outler, and her three children. Police had made a recent controlled purchase of cocaine from Moore at this address. Moore refers to defendant as his "brother" as they have a half-sibling in common. Moore testified at trial that defendant did not live at 3571 Eugene James Road and did not have a key.
After obtaining a search warrant, the officers searched the home. During the search, they found plastic bags containing slightly over a kilogram of cocaine, an electronic scale, a cocaine press, and a handgun under Moore's mattress. Police also found receipts and papers including a Western Union receipt showing $650 sent from Moore to Rodney Thompson.
After the cocaine was discovered, Moore told the police that it belonged to defendant and denied knowing that it was in the home. Moore then made a telephone call to defendant which was monitored by one of the officers. During this phone conversation, Moore told defendant that Moore's "girl" had found "the stuff" and defendant "need[ed] to come get it before she thr[e]w it out." Defendant agreed to come and pick "the stuff" up. Defendant was later arrested and convicted of trafficking in cocaine by possession and conspiracy to traffic in cocaine by possession. Defendant appeals.
The dispositive question before this Court is whether "the trial court erred in instructing the jury that it could convict the defendant on the conspiracy charge, with regard to Alton Moore, when there was insufficient evidence to support that verdict." In its conspiracy instruction, the trial court instructed the jury to determine if defendant had entered into an agreement to traffic cocaine by possession with "Rodney Thompson and/or Alton Moore."Defendant only contends that the evidence was insufficient to support that he conspired with Moore, not Rodney Thompson.
In a criminal case, the trial court
has the duty to instruct the jury on the law arising from all the evidence presented. To determine if an instruction should be given, the court must consider whether there is any evidence in the record which might convince a rational trier of fact to convict [the] defendant of the offense.
State v. Moore, 75 N.C. App. 543, 546, 331 S.E.2d 251, 253 (citing N.C. Gen. Stat. § 15A-1232; State v. Wright, 304 N.C. 349, 283 S.E.2d 502 (1981)), disc. review denied, 315 N.C. 188, 337 S.E.2d 862 (1985). "In making this determination, the trial judge is concerned only with the sufficiency of the evidence; its credibility is for the jury to determine, not the court."State v. Ataei-Kachuei, 68 N.C. App. 209, 212, 314 S.E.2d 751, 753 (citing State v. Watkins, 283 N.C. 504, 196 S.E.2d 750 (1973)), disc. review denied, 311 N.C. 763, 321 S.E.2d 146 (1984).
"Criminal conspiracy is an agreement of two or more persons to do an unlawful act or to do a lawful act by unlawful means. Conspiracy may be proven by direct or circumstantial evidence." State v. Diaz, 155 N.C. App. 307, 319, 575 S.E.2d 523, 531 (2002) (internal citation omitted), cert. denied, 357 N.C. 464, 586 S.E.2d 271, cert. denied, 357 N.C. 659, 590 S.E.2d 396 (2003).
Police found items in Moore's home indicative of the packaging and selling of drugs including a cocaine press, plastic baggies, and an electronic scale. Moreover, police had made recent controlled purchases of cocaine from Moore at his home. The receipts with defendant's name found in Moore's home further support the existence of an agreement between Moore and defendant to traffic cocaine. Additional evidence comes from Moore's own testimony; Moore testified that he considered defendant to be like his brother and that he had acquired cocaine from defendant. We conclude that this evidence produced by the State was sufficient to convince a rational trier of fact that defendant formed an agreement with Moore to traffic cocaine.
Nevertheless, defendant contends that the State has improperly advanced mutually inconsistent theories regarding the conspiracy charge. Specifically, defendant contends that the State's theory that defendant had conspired with Moore depended on (1) the jury's belief of Moore's testimony that the cocaine belonged to defendant, and (2) the jury's disbelief of Moore's assertion that he did not know the cocaine was in his home. We find this contention to be without merit.
It is clear from the presentation of the case that the State's theory was that defendant conspired with Moore to have the cocaine stored at Moore's home. The Court fails to find, and defendant fails to suggest, any other inconsistent theory of conspiracy that the State was attempting to advance. Rather, what defendant is essentially arguing, but has failed to adequately support by proper citation to authority, is that the testimony of Moore presents both inculpatory and exculpatory evidence with respect to the conspiracy charge. In other words, defendant contends that the State cannot rely upon Moore's testimony because portions of the testimony are adverse to the State's case. We disagree.
As our Supreme Court has stated, "the State ordinarily is not bound by the adverse testimony of one of its witnesses but may offer other conflicting evidence. That is, it is not precluded from showing that the facts are other than as related by one or more of its witnesses." State v. Robinson, 229 N.C. 647, 648, 50 S.E.2d 740, 741 (1948). As noted above, the State introduced evidence that tended to rebut Moore's assertion that he had no knowledge that the cocaine was in his home. Consequently, the State was not bound by this exculpatory testimony, and this argument is overruled. Thus, we conclude that the trial court did not erroneously instruct the jury as to defendant's conspiracy with Moore; therefore, we find no error.
NO ERROR.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).